THE COMMITTEE TO RETAIN JUDGE BYERS, a personal campaign committee, and Donald R. Zuidmulder, Appellants,

v.

ELECTIONS BOARD, STATE OF WISCONSIN, an independent state agency, Respondent.

Court of Appeals

No. 80–447. Submitted on briefs March 17, 1980.— Decided March 20, 1980.
(Also reported in 291 N.W.2d 616.)

For the appellants the cause was submitted on the briefs of *Brady C. Williamson* and *La Follette, Sinykin, Anderson & Munson*, of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Charles D. Hoornstra,* assistant attorney general.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J. The Committee to Retain Judge Byers and Donald Zuidmulder appeal from a judgment[1] that affirmed a State Elections Board decision not to certify Zuidmulder as a candidate for circuit court judge. Judge James Byers had originally been certified by the Board as a candidate, but died on February 8, 1980. Since Judge Byers' death occurred after the statutory deadline for filing nomination papers, his campaign committee sought to replace Judge Byers on the April 1 ballot with Zuidmulder through the sec. 8.35(2), Stats., procedure. Because we conclude that sec. 8.35(2), does not apply to the office of circuit court judge, we affirm the decision not to certify Zuidmulder.

Zuidmulder and the Committee raise three issues:[2]

1. Does sec. 8.35(2) provide the compaign committee of a candidate for circuit court with the authority to fill a ballot vacancy created by the candidate's death?
2. If sec. 8.35(2) does not apply to circuit court judges, is this exclusion a violation of the equal protection clauses of the federal and state constitutions?

---

[1] Although labeled "DECISION" by the circuit court and described as a decision and order in the notice of appeal, the circuit court entered a final judgment appealable as of right for appellate purposes because it disposed of the entire matter in litigation. Section 808.03(1), Stats. *See* §§227.20(2), 227.21, and *Fredrick v. City of Janesville,* 92 Wis.2d 685, 285 N.W.2d 655 (1979).

[2] Respondent, Citizens for Kuehn, has moved this court to dismiss the appeal contending that for the protection of absentee voters' suffrage, the statutory deadlines for ballot distribution make the appeal moot. Because the appeal raises issues of public importance concerning elections to the state judiciary, we deny the motion. *See Milwaukee Prof. Firefighters, Local 215 v. City of Milwaukee,* 78 Wis.2d 1, 253 N.W.2d 481 (1977).

3. Does sec. 5.01 (1), Stats., provide a mechanism for the filling of a ballot vacancy created by the death of a candidate for circuit court judge?

APPLICABILITY OF SEC. 8.35(2), STATS.

Section 8.35 (2) provides:

If a vacancy occurs after nomination due to death of a candidate, the vacancy may be filled for partisan offices by the chairman of the committee of the proper political party under s. 7.38 (3), or the personal campaign committee, if any, in the case of independent candidates, except as provided in s. 8.17 (5) (g). Similar vacancies for municipal and nonpartisan county offices may be filled within 2 days by the personal campaign committee or, if the candidate had none, by the governing body of the municipality or county.

Zuidmulder and the Committee argue that the office of circuit court judge is a nonpartisan county office. We conclude, however, that the office is a nonpartisan state, not county, office and does not therefore fall under sec. 8.35(2).

The circuit court is a component of the state court system created by art. VII, §2 of the Wisconsin Constitution and has no relation to the system of county government. *Milwaukee County v. Halsey,* 149 Wis. 82, 136 N.W. 139 (1912). This is true even though a judicial circuit may consist of only one county, and the county may pay a portion of the circuit judge's salary. *State ex rel. Sullivan v. Boos,* 23 Wis.2d 98, 126 N.W.2d 579 (1964) ; *Milwaukee County, supra.*

The statutory scheme governing elections clearly indicates that the office of circuit court judge is a state and not a county office. Section 5.02 (21), Stats., distinguishes judicial officers from nonpartisan county officers in defining the spring election, and sec. 8.11 (3), Stats., lists circuit judges in the state classification for

the spring primary. Candidates for circuit court judge file nomination papers with the State Elections Board, sec. 8.10(6)(a), Stats., while county officers file with the county clerk. Section 8.10(6)(b). *See State ex rel. Ahlgrimm v. State Elections Board*, 82 Wis.2d 585, 263 N.W.2d 152 (1978). Winners of circuit court elections are certified by a state agency, sec. 7.70(3)(d), Stats., while the county clerk certifies winners of county offices. Section 7.60(6), Stats. The office of circuit court judge is described as a state office in the Campaign Finance Law, sec. 11.01(20), Stats., the Regulation of Lobbying Law, sec. 13.62(10), Stats., and in the Code of Ethics for Public Officials, sec. 19.42(13)(c), Stats. Finally, sec. 17.19(2), Stats., denominates a vacancy in the office of circuit court judge as a state office vacancy as distinguished from a vacancy in a county office as defined in sec. 17.21, Stats.

Furthermore, circuit court judges are compensated as state employees, sec. 753.07(1), Stats., and are classified as constitutional officers or as other elected state officials for statutory salaries. Section 20.923(2), Stats. On the other hand, neither constitutional provisions designating county offices, art. VI, §4, nor the statutory provision of ch. 59, designate the office of circuit court judge as a county office.[3]

An analysis of the legislative history involved here indicates that the legislature did not intend to designate the office of circuit court judge as a nonpartisan county office. Section 7, ch. 379, Laws of 1891, the first statute on this issue, provided: "If any nominee shall die . . . the vacancy . . . may be filled in the same manner as

---

[3] County offices include sheriff, coroner, register of deeds, district attorney, surveyors, treasurer, clerk, supervisors, executive, administrator, clerk of court, and assessor. *See* ch. 59, Stats., and WIS. CONST. art. VI, §4. County supervisors and executives are nonpartisan county offices. *See* §§8.10 and 59.031, Stats.

original nominations, or by the committee representing the party, if so authorized." In 1912, the supreme court ruled that the office of circuit court judge was a state, not county, office. *Milwaukee County, supra.* The legislature is presumed to have had knowledge of this decision, *see Milwaukee Federation of Teachers, Local 252 v. WERC,* 83 Wis.2d 588, 266 N.W.2d 314 (1978), when it subsequently amended the statute to provide:

Upon . . . the death of a nominee the vacancy . . . may be filled in the same manner as original nominations, or *in case the candidate is the nominee of a political party,* by the committee representing the party . . . . *In case the candidate is a nonpartisan nominee, the vacancy shall be filled by the personal campaign committee of the candidate . . . . If the candidate had no personal campaign committee, such vacancy shall be filled by the supervisors of the town, trustees of the village, council of the city, or board of supervisors of the county, as the case may be* . . . . Chapter 175, Laws of 1915.

The amendment authorizes the applicable local government body to fill a ballot vacancy if no personal campaign committee exists. *Leuch v. Milwaukee County Board of Election Commissioners,* 244 Wis. 305, 12 N.W.2d 61 (1943). At the time, the state was divided into twenty judicial circuits, all but one of which consisted of more than one county. Section 113.06, Stats. (1917). In most of the state there would have been no one single local government body available to fill a ballot vacancy. Inclusion of circuit court judge under the statute, therefore, would make it unworkable. A construction that makes a statute unworkable cannot be valid. *Cross v. Hebl,* 46 Wis.2d 356, 174 N.W.2d 737 (1970).

Ambiguities were resolved by subsequent enactments that limited the statute's applicability to strictly town, village, city or county office and not to nonpartisan state office. In sec. 62, ch. 455, Laws of 1951, the legislature

provided: "If a person nominated for town, village, city or county office . . . dies before election, the vacancy may be filled within 2 days by his personal campaign committee, or if he had no committee by the governing body of the municipality or county . . . ."

In *State ex rel. Sachtjen v. Festge*, 25 Wis.2d 128, 130 N.W.2d 457 (1964), the supreme court reiterated that the office of circuit court judge was not a county office. In 1965, the legislature repealed and recreated the provision:

If a vacancy occurs after nomination due to . . . death . . . the vacancy may be filled by the proper political party or committee for all partisan offices. Similar vacancies for municipal and nonpartisan county offices may be filled within 2 days by the personal campaign committee or, if the candidate had none, by the governing body of the municipality or county. Section 8.35(2), ch. 666, Laws of 1965.

The Legislative Council Notes explain that previously separate provisions for partisan and nonpartisan offices were combined but that personal campaign committees could only appoint a candidate for nonpartisan offices. The scope of the statute was not, however, expanded to include state nonpartisan offices. The amendments by sec. 25, ch. 93, Laws of 1975 and sec. 2s, ch. 340, Laws of 1977, similarly do not effect the limitation to nonpartisan county offices.

Throughout the amendment process, the legislature has never provided that nonpartisan state offices were to be covered by the statute governing nonpartisan county offices. Currently, the legislature is considering the problem of how to fill a vacancy created by the death of a nonpartisan state candidate. 1979 AB 1241, a bill proposing to amend sec. 8.35(2), provides:

If a vacancy occurs after nomination due to the death of a candidate, the vacancy may be filled for partisan

offices by the chairman of the committee of the proper political party under s. 7.38(3), except as provided in s. 8.17(5)(g). A vacancy in a nomination due to the death of an independent candidate for partisan office or a nonpartisan candidate for state office may be filled by the personal campaign committee of the candidate, if any. Similar vacancies in nominations of candidates for nonpartisan county or municipal offices may be filled within 2 days by the personal campaign committee or, if the candidate had none, by the governing body of the municipality or county . . . .

The purpose of this bill, according to the Legislative Reference Bureau, is to fill the void existing in the current law and provide a procedure for replacement of a deceased candidate for nonpartisan state office. The legislature would not need to consider this bill if it originally intended sec. 8.35(2) to cover state nonpartisan offices.

## EQUAL PROTECTION

Zuidmulder and the Committee argue that if filling a vacancy created by the death of a circuit judge candidate is not within sec. 8.35(2), then the statute violates the equal protection clauses of the state and federal constitutions. A legislative classification is presumed to be valid. *Omernik v. State*, 64 Wis.2d 6, 218 N.W.2d 734 (1974). It will be upheld if there exists any rational basis or any reasonable set of facts to justify it. *Omernik, supra. See also McGowan v. Maryland*, 366 U.S. 420 (1961). Zuidmulder and the Committee have not met their burden of overcoming the presumption of the statute's validity by showing an invalid statutory classification beyond a reasonable doubt. *State v. Hart*, 89 Wis.2d 58, 277 N.W.2d 843 (1979) ; *Omernik, supra.*

Since the circuit court is a constitutional component of the state's unified court system comprising the state's

judicial branch of government, we conclude that the legislature can reasonably treat a vacancy caused by death of a circuit judge candidate differently from a vacancy caused by death of a municipal or nonpartisan county office candidate. The distinction focuses on the fundamental structure of state government compared to that of strictly local governments. Furthermore, the legislature may have sought to avoid selection of candidates for the state judiciary by a single municipal or county government, where the candidate has no committee, which in the case of a multi-county judicial circuit, is impossible.

## APPLICABILITY OF SEC. 5.01(1), STATS.

Finally, Zuidmulder and the Committee contend that in the absence of an express statutory mechanism for filling vacancies created by the death of a candidate for a nonpartisan state office, a court under sec. 5.01(1) may permit the personal campaign committee of the deceased candidate to fill the vacancy. Section 5.01(1) provides:

(1) CONSTRUCTION OF TITLE II [ELECTIONS]. Title II shall give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to fully comply with some of its provisions.

Here, a class of electors nominated Judge Byers to be a candidate for the nonpartisan state office of circuit judge. Because the Committee to Retain Judge Byers has no authority under sec. 8.35(2) to nominate a replacement, that class of electors could not have expected the Committee to replace Judge Byers in the event of his death. Although the will of that class of the electors may have been frustrated by fate, it has been effectuated as far as the election laws are concerned.

Zuidmulder and the Committee would have this court employ sec. 5.01(1) to legislate so as to provide a mechanism for filling a vacancy created by the death of a circuit judge candidate. Section 5.01(1) does not enable this court to legislate or to amend statutes, but rather directs us as to the construction of the provisions of the state election laws. *See Ahlgrimm, supra.* This court is not the legislature. However much we might agree that electors should have a choice of candidates, only the legislature, in our constitutional system of government, can provide a procedure for the filling of a vacancy created by the death of a candidate for nonpartisan state office. *See generally State ex rel. Strykowski v. Wilkie,* 81 Wis.2d 491, 261 N.W.2d 434 (1978) (Abrahamson, J., dissenting).

*By the Court.*—Judgment affirmed.