RALPH E. SHARP, JR., Corporation Counsel Dodge County
You ask my opinion on two questions, which I have taken the liberty to restate:
 1. Does the Board of Supervisors of Dodge County (hereinafter "the Board") have the authority to pay the Wisconsin bar dues for the circuit judges serving Dodge County?
 2. Does the Circuit Court for Dodge County have inherent power to direct the Board to pay the state bar dues of its presiding judge?
In my opinion, the answer to the first question is no. The answer to the second question is probably not.
It is well established that a county board "has only such powers as are expressly conferred on it or necessarily implied from those expressly given." Dodge County v. Kaiser,243 Wis. 551, 557, 11 N.W.2d 348 (1943); Maier v. Racine County,1 Wis.2d 384, 385, 84 N.W.2d 76 (1957). As stated in State ex rel. Conwayv. Elvod, 70 Wis.2d 448, 450, 234 N.W.2d 354 (1975) "A county is totally a creature of the legislature, and its powers must be exercised within the scope of authority ceded to it by the state." Accord Dane County v. H SS Dept., 79 Wis.2d 323, 329-30,255 N.W.2d 539 (1977). And, as you have noted, in Dodge County v.Kaiser, there is quoted with approval the statement fromSpaulding v. Wood County, 218 Wis. 224, 229, 260 N.W. 473 (1935), that: "It has been held that if there be a fair and reasonable doubt as to an implied power it is fatal to its being."
Article VII, section 6 of the Wisconsin Constitution, provides: "The legislature shall prescribe by law the number of judicial circuits, making them as compact and convenient as practicable, and bounding them by county lines." Article VII, section 7 of the Wisconsin Constitution provides that circuit judges shall be chosen by the qualified electors of each circuit and "shall reside in the circuit from which elected." Article VII, section10 (2) of the Wisconsin Constitution provides: "Justices of the supreme court and judges of the courts of record shall receive such compensation as the legislature may authorize by law, but may not receive fees of office." *Page 166 
In Committee to Retain Byers v. Elections Board,95 Wis.2d 632, 291 N.W.2d 616 (Ct.App. 1980), it was held that the office of circuit judge is a state rather than a county office even though under former statutes the county paid a portion of the circuit judge's salary. The court stated, 95 Wis.2d at 635:
 Furthermore, circuit court judges are compensated as state employees, sec. 753.07 (1), Stats., and are classified as constitutional officers or as other elected state officials for statutory salaries. Section 20.923 (2), Stats. On the other hand, neither constitutional provisions designating county offices, art. VI, § 4 nor the statutory provision of ch. 59, designate the office of circuit court judge as a county office.
Wisconsin has an integrated bar. The current amount established for dues for persons admitted to the bar is $100 plus assessments for the State Board of Professional Responsibility and the State Board of Attorneys Professional Competence. Judicial members' dues are two-thirds or $66.67 without voting rights and the full rate if voting rights are desired. Judicial members are not liable to pay the assessments for the two boards named above.SCR 10.03 (5).
In 7 Am. Jur. 2d Attorneys at Law § 7 (1980), it is stated:
 All members of an integrated bar may be required to pay dues, which are deemed to be a licensing fee. A state requirement that lawyers must maintain membership in and pay dues to the integrated state bar has been held not to violate the right of freedom of association guaranteed by the First Amendment to the Constitution of the United States.
Citing Lathrop v. Donohue, 367 U.S. 820, reh. den., 368 U.S. 871
(1961)
I find no Wisconsin statute expressly conferring on county boards the power to pay state bar dues of circuit judges. If such power exists, then it is one necessarily implied by, or inferable from, some other power expressly granted; and, looking to the statutes which might arguably confer such implied power, I conclude that they do not. Several statutes merit mention. The first is section 753.073, which provides:
 A circuit judge shall be reimbursed by the state for actual and necessary itemized expenses incurred in the discharge of judiciary *Page 167 
duty outside of the county of residence, and in attending meetings of the judicial conference or the committees thereof, and as a judge designated to serve on the judicial administrative committee or the subcommittees thereof.
This statute clearly creates no implied power for a county to pay the state bar dues in question, being manifestly designed for thestate to take care of only those expenses, such as for dining and lodging, incurred by a circuit judge while engaged in those activities described in section 753.073.
The second statute is section 59.15 (3), which in pertinent part provides that a county board "may provide for reimbursement to any elective officer, deputy officer, appointive officer or employe of any expense out-of-pocket incurred in the discharge of his duty in addition to his salary or compensation . . . ." This statute, however, is made inapplicable to circuit judges, interalia, by an express provision of subsection (2) of section 59.15.
The third statute is subsection (1) of section 59.15, which empowers a county board, as to an officer paid in whole or in part from the county treasury, to "establish the total annual compensation for services to be paid to the officer (exclusive of reimbursements for expenses out-of-pocket provided for in sub. (3))." Such statute, however, is by an express provision therein made inapplicable to circuit judges.
The fourth statute is section 753.19, which provides:
 The cost of operation of the circuit court for each county, except for the salaries of judges and court reporters provided to be paid to the state, and except for the cost assumed by the state under this chapter and chs. 40 and 230, and except as otherwise provided, shall be paid by the county
This statute should be considered in connection with article VII, section 24 (1) of the Wisconsin Constitution, which in pertinent part reads: "To be eligible for the office of . . . judge of any court of record, a person must be an attorney licensed to practice law in this state and to have been so licensed for 5 years immediately prior to election or appointment."
I construe this constitutional provision as laying down not only bar licensure requirements for a person running for the office of circuit judge in Wisconsin, but as also requiring that during a *Page 168 
circuit judge's term of office, such person must be licensed to practice law in Wisconsin. And this constitutional provision must be read in the light of SCR 10.03 (3), which provides that "[n]o individual other than an enrolled active member of the state bar may practice law in this state or in any manner purport to be authorized or qualified to practice law."
There have been few cases which have been concerned with what items are included in the "cost of operation of the circuit court for each county, except for" salaries of Judges and court reporters provided by the state as used in section 753.19.Romasko v. Milwaukee, 108 Wis.2d 32, 42, 321 N.W.2d 123 (1982), extended the cost of operation concept to include fees of a guardian ad litem appointed by the court. The case notes that traditional costs of operation have been concerned with suitable courtrooms, offices, security personnel, clerks, furniture and supplies. State ex rel. Reynolds v. County Court, 11 Wis.2d 560,576-78, 105 N.W.2d 876 (1960), declined to decide whether or not air conditioning is a cost necessary to the functioning of the court. The court reviewed Stevenson v. Milwaukee County,140 Wis. 14, 121 N.W. 654 (1909), which held that a court had power to appoint a bailiff, and In re Court Room, 148 Wis. 109,134 N.W. 490 (1912), which was concerned with the adequacy of proposed courtroom facilities. The court concluded that the court had power "to determine its necessities to function efficiently as a court and perform its duties."
In my opinion, bar dues are personal professional costs related to the eligibility of a person to serve as circuit judge as distinguished from "the cost of operation of the circuit court for each county except for the salaries" or a court's "necessities to function efficiently as a court and perform its duties." In my opinion, bar dues of individuals who must be licensed as attorneys to serve as circuit judges are not a court's necessities which would permit a court to utilize its inherent power to compel the county to pay such dues so that the court could perform its duties.
The Legislature could enact legislation to provide that county boards, as a part of compensation or reimbursement for expenses related to the duties of judge, could pay the bar dues of judges elected to serve circuits which include the county. It has not done so. The Legislature could, of course, provide that the state pay the cost of the bar dues for all circuit court judges as a fringe benefit portion of their compensation or as reimbursement for out-of-pocket *Page 169 
expenses incurred by such judges in the discharge of their duties.
BCL: RJV