Arline M. SODERBECK,
Plaintiff-Appellant,

v.

BURNETT COUNTY, WISCONSIN, and Robert Kellberg, Individually and as Sheriff of Burnett County, Defendants-Appellees.

No. 85–2146.

United States Court of Appeals,
Seventh Circuit.

Argued May 7, 1986.

Decided June 15, 1987.

As Amended June 16, 1987.

Eric J. Magnuson, Rider, Bennett, Egan & Rrundel, Minneapolis, Minn., for plaintiff-appellant.

Lila Humble, Doar Drill & Skow, S.C., New Richmond, Wis., for defendants-appellees.

Before COFFEY, EASTERBROOK, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

COFFEY, Circuit Judge.

Plaintiff Arline Soderbeck brought suit against Burnett County, Wisconsin under 42 U.S.C. § 1983 alleging that she was fired from her job in the Burnett County Sheriff's Office in violation of her rights under the First and Fourteenth Amendments. The initial trial resulted in a ver-

---

[*] The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

448

dict in favor of Soderbeck against Burnett County. On appeal, this court reversed the judgment against Burnett County and remanded the case for retrial. *See Soderbeck v. Burnett County, Wisconsin,* 752 F.2d 285 (7th Cir.1985) (*"Soderbeck I"*). Upon retrial the jury found for Burnett County, and Soderbeck appeals. We affirm.

I

Because the facts of this case have been set forth in our previous decision in *Soderbeck v. Burnett County, Wisconsin,* 752 F.2d 285 (7th Cir.1985) (*"Soderbeck I"*), we need only elaborate on the facts relevant to this particular appeal. In 1975, the Burnett County Law Enforcement Committee, a subcommittee of the Burnett County Board of Supervisors, hired Mrs. Soderbeck as a bookkeeper for the Burnett County Sheriff's Department. Soderbeck's husband was the Burnett County Sheriff at that time, and the County's Law Enforcement Committee hired Arlene Soderbeck for the Sheriff as a subterfuge to avoid the appearance of a conflict of interest—that Sheriff Soderbeck hired his wife. Lowell Nelson, the chairman of the County's Law Enforcement Committee, testified at trial that the Committee only hired Mrs. Soderbeck after consulting with Sheriff Soderbeck. The record is devoid of any ordinance granting the Law Enforcement Committee the authority to hire or fire sheriff's department personnel, and the parties fail to cite any ordinance, policy, or law vesting such authority in the Law Enforcement Committee.

In 1979, Robert Kellberg defeated Soderbeck's husband in his re-election bid for sheriff of Burnett County. Upon taking office, Kellberg's first official act was to discharge Soderbeck. When Soderbeck learned that Kellberg intended to discharge her, she contacted Lowell Nelson, the chairman of the Burnett County Law Enforcement Committee, and asked him what course of action she should pursue to prevent her termination. Nelson told Soderbeck to continue working, but later on he informed Soderbeck that her employment would be terminated.

Shortly thereafter, Mrs. Soderbeck appeared at a subsequent meeting of the Law Enforcement Committee on January 4, 1979 to protest her firing, but the Committee refused to interfere with Kellberg's decision to discharge Soderbeck. Soderbeck brought a suit in the district court under 42 U.S.C. § 1983 against Kellberg, the Burnett County Law Enforcement Committee, and Burnett County itself alleging that she was fired in violation of her rights under the First and Fourteenth Amendments of the United States Constitution.

Soderbeck's case went to trial and at the close of her case, the district judge directed a verdict for the Burnett County Law Enforcement Committee. The jury subsequently brought in a verdict against the remaining defendants, Kellberg and Burnett County. Burnett County appealed to this Court and we reversed the judgment against the county and remanded the case for further proceedings. *Soderbeck v. Burnett County, Wisconsin,* 752 F.2d 285 (7th Cir.1985). We stated:

> So her case against the county and the members of the Law Enforcement Committee is not moot, and we hold that the district judge erred in directing a verdict for the committee's members. And since the county's liability depends critically, as we have seen, on the liability of the members of the Law Enforcement Committee, and the directed verdict prevented the defendants from putting in evidence to rebut the plaintiff's case against the committee, there must be a new trial against all the defendants except, of course, Kellberg—unless Mrs. Soderbeck is able to collect her judgment in full against him.
>
> If a new trial is held, it will be limited to liability.

752 F.2d at 294. When the case was retried the jury returned a verdict in favor of Burnett County and Soderbeck again appealed to this Court.

## II

Relying on the Supreme Court's decision in *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), decided two weeks after our decision in *Soderbeck I*, Soderbeck argues that Burnett County is liable for all acts of the Sheriff performed in his "official capacity." According to Soderbeck, *Brandon* overrules the portion of *Soderbeck I* holding that since under Wisconsin law the sheriff is not a policymaking official of the county, Burnett County was not liable for the acts of Sheriff Kellberg. Soderbeck interprets *Brandon* as imposing liability for the acts of a public official on the entity represented by that official when the official has acted in his official capacity. Since Sheriff Kellberg was acting in his official capacity as sheriff of Burnett County when he terminated Mrs. Soderbeck, the County is liable for any constitutional wrong done to Mrs. Soderbeck as a result of Sheriff Kellberg's termination of her. We reject Soderbeck's argument that *Brandon* overrules our decision in *Soderbeck I.* A careful reading of *Brandon* has persuaded us that *Brandon* merely stands for the proposition that the entity represented by a public official may be liable for acts of that official undertaken in his "official capacity" even though the entity represented by the public official was not named as a party in the suit.

In *Brandon* the issue decided by the Supreme Court was whether the City of Memphis was liable for a judgment entered against a city official even though the City had never been made a party to the suit. The Supreme Court held that as long as the City had notice of the claim against its official, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents...." 105 S.Ct. at 878. The Court explained that " 'official capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent.' " *Id.* at 878 n. 21 (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)). Here, Sheriff Kellberg represented Burnett County and was a party to Soderbeck's suit from the start, and thus the issue presented in *Brandon* —whether a municipality is liable for a judgment entered against its employee where the municipality is not made a party to the suit—is not before us. Accordingly, *Brandon* has no application to Soderbeck's claim and therefore does not effect our decision in *Soderbeck I.*

Soderbeck next argues that the district court erred in not allowing her to introduce evidence concerning the policymaking function of a county sheriff. The district court held that the question of whether Sheriff Kellberg was a policymaking official was foreclosed in *Soderbeck I* with our determination that he was not. In *Soderbeck I* we explained

> "[t]he immunity provision [in the Wisconsin Constitution] is powerful evidence that the Sheriff of Burnett County was not a policymaking official of the county at the time he fired Mrs. Soderbeck, but instead was an autonomous official...."

752 F.2d 292.

"We have long held that 'matters decided on appeal become the law of the case to be followed ... on second appeal, in the appellate court unless there is plain error of law in the original decision'." *Appleton Electric Company v. Graves Truck Line, Inc.*, 635 F.2d 603, 607 (7th Cir.1980) (*quoting Kaku Nagano v. Brownell*, 212 F.2d 262, 263 (7th Cir.1954)). In *White v. Murtha*, 377 F.2d 428, 431 (5th Cir.1967) the court summarized the doctrine of the law of the case:

> "The 'law of the case' rule is based on the salutary and sound public policy that litigation should come to an end, it is predicated on the premise that 'there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members,' and that it would be impossible for an appellate court to perform its duties satisfactorily and efficiently and expeditiously 'if a question, once considered and decided by it were to be litigated anew in the same

case upon any and every subsequent appeal' thereof."

However this court has stated that:

"The law of the case doctrine, however, is not an immutable concept, and should not be applied where the law as announced is clearly erroneous, and establishes a practice which is contrary to the best interests of society, and works a manifest injustice in the particular case."

*Devines v. Maier,* 728 F.2d 876, 880 (7th Cir.1984) (citations omitted).

In denying Soderbeck's motion for summary judgment, the district court relied on our decision in *Soderbeck I,* stating:

"Plaintiff has moved for summary judgment on the question of defendant Burnett County's liability for the acts of the county sheriff, defendant Kellberg. The contours of her motion are a little difficult to discern, but in essence she is asking the court to rule that the acts of defendant Kellberg taken in his official capacity and under color of state law were the acts of defendant Burnett County. That, however, is the ruling that I made at the time of the first trial of this case and the ruling that was rejected by the court of appeals.

Although plaintiff argues that the court of appeals did not have a full opportunity to consider the question, that argument does not stand up to a reading of either the court's opinion or the briefs filed by the parties on appeal. Also, the court of appeals had before it my pretrial rulings and my posttrial opinion and order as well as the order upon which I relied for my holding (*Casey v. Stich,* 79–C–102 (W.D.Wis. Sept. 27, 1982)).

In *Casey,* I expressed the opinion that the Wisconsin constitutional provision immunizing counties from liability for the acts of the sheriff was not intended to create or preserve a distinction between the office of sheriff and the county government, but rather, was to be viewed solely as an immunity provision for county government.

\* \* \* \* \* \*

Although it could be argued that at the new trial plaintiff should be entitled to make an effort to show that the sheriff was a policy-making official of the county, I do not think that is what the circuit court intended. First, the court's comments on the immunity provision of the state constitution suggest that it would be futile for plaintiff to attempt to make a factual link between the sheriff and the county. Second, the court made it explicit that the retrial would be limited to the question of the liability of the members of Burnett County's Law Enforcement Committee for the unconstitutional firing of plaintiff."

*Soderbeck v. Burnett County, Wisconsin,* 80–C–513–C (W.D.Wis. Apr. 26, 1985).

Accordingly, unless we were to now hold that our determination in *Soderbeck I* that Sheriff Kellberg was not a policymaking official of the county under Wisconsin law was "clearly erroneous, and establish[ed] a practice which [was] contrary to the best interests of society, and work[ed] a manifest injustice in [this] particular case," *Devines,* 728 F.2d at 880, the district court did not error in excluding Soderbeck's evidence concerning the policymaking function of Sheriff Kellsberg.

In *Soderbeck I,* Burnett County argued "that the jury should not have been allowed to find it liable along with Kellberg; that it [was] immune from liability under § 1983 by virtue of a Wisconsin constitutional provision that was adopted in 1848, well before the Civil Rights Act of 1871, and therefore ... implicitly incorporated into the act." *Id.* at 292. The provision states:

"Sheriff's, coroners, registers of deeds, district attorneys, and all other county officers except judicial officers, shall be chosen by the electors of the respective counties once in every two years. Sheriffs shall hold no other office, and shall not serve more than two terms or parts thereof in succession; they may be required by law to renew their security from time to time, and in default of giving such new security their office shall be deemed vacant, *but the county shall never be made responsible for the acts of the sheriff.* The governor

may remove any officer in this section mentioned, giving to such a copy of the charges against him and an opportunity of being heard in his defense. All vacancies shall be filled by appointment, and the person appointed to fill a vacancy shall hold only for the unexpired portion of the term to which he shall be appointed and until his successor shall be elected and qualified."

Wis. Const. Art. 6, § 4 (emphasis added).[1] We stated that the immunity provision in the Wisconsin Constitution was "powerful evidence that the Sheriff of Burnett County was not a policy-making official of the county at the time he fired Mrs. Soderbeck." *Id.* In addition, we stated that the county's liability to Soderbeck "is derivative from that of the members of the Law Enforcement Committee." We remanded the case for a new trial only on the issue of the involvement of the Law Enforcement Committee in the termination of Soderbeck's employment.

 An examination of Wisconsin law reveals that although the sheriff is elected by the voters of the county wherein he serves and draws his salary from the county fisc, staffs his office with personnel paid from county funds, "chooses his own ways and means of performing" his responsibilities and "in the performance of his duties is detective and patrolman, as well as executive and administrator," the Wisconsin Supreme Court has determined that the sheriff "represents the sovereignty of the State" and is "accountable only to the sovereign...." *Wisconsin Professional Police Assoc. v. County of Dane,* 106 Wis.2d 303, 316 N.W.2d 656, 657 (1982); *Andreski v. Industrial Comm.,* 261 Wis. 234, 240, 52 N.W.2d 135 (1952). Although we might question the Wisconsin Supreme Court's classification of the county sheriff as an officer of the state, that court's determination based as it is on an interpretation of the Wisconsin Constitution is not subject to revision by this court. *See Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). Accordingly, we are bound to accept the Wisconsin Supreme Court's classification of the county sheriff under the State's constitution as being solely an officer of the state when fulfilling his constitutional obligations even though it appears to us that the office of sheriff is really more of a hybrid official of both the state and the county. In *Wisconsin Professional Police Association v. County of Dane,* a county sheriff refused to obey a circuit court order that he comply with an arbitrator's award granted as a result of a union grievance over a contract between the county and a union consisting of non-supervisory deputy sheriffs. The sheriff argued that the arbitrator's award was illegal and void because it ordered him to comply with a provision of a collective bargaining contract entered into between the union and the county that infringed upon his powers as sheriff. In reversing the circuit court order, the Wisconsin Supreme Court stated:

> "In the exercise of executive and administrative functions, in conserving the public peace, in vindicating the law, and in preserving the rights of the government, he (the sheriff) represents the sovereignty of the State and *he has no superior in his county.*"

316 N.W.2d at 658 (quoting 1 W. Anderson, *A Treatise on the Law of Sheriffs, Coroners and Constables* § 6, p. 5 (1940)) (emphasis added by Wisconsin Supreme Court). The Wisconsin Supreme Court in *Wisconsin Professional Police Association* also concluded "that under the Wisconsin Constitution the sheriff has the power and prerogative which that office had under the common law." *Id.* at 657. Quoting Blackstone's *Commentaries on the Law of England,* the court went on to state that "both by common law and special commission he [the sheriff] is the first man in the county." *Id.* at 658.

In *Andreski v. Industrial Commission,* 261 Wis. 234, 240 52 N.W.2d 135, 137 (1952), the Wisconsin Supreme Court also stated:

1. Article 6, § 4 of the Wisconsin Constitution was amended in April, 1982. The present provision lacks the language emphasized above.

"Within the field of his responsibility for the maintenance of law and order the sheriff today retains his ancient character and is accountable only to the sovereign, the voters of his county, though he may be removed by the governor for cause. No other county official supervises his work or can require a report or an accounting from him concerning his performance of his duty. He chooses his own ways and means of performing it. He divides his time according to his own judgment of what is necessary and desirable but is always subject to call and is eternally charged with maintaining the peace of the county and the apprehension of those who break it. In the performance of this duty he is detective and patrolman, as well as executive and administrator, and he is emphatically one of those who may serve though they only stand and wait. We recite these qualities and characteristics of the office not because they are novel but because they are so old that they are easily forgotten or unappreciated."

This court has also dealt with the legal relationship of the county and the sheriff in Wisconsin. In *Hibma v. Odegaard*, 769 F.2d 1147 (7th Cir.1985), we addressed at length the issue of whether a Wisconsin county should be liable for the acts of deputy sheriffs. See *Hibma v. Odegaard*, 769 F.2d 1147, 1161–73 (7th Cir.1985) (Coffey, J. dissenting). Under Wisconsin law, the county is not automatically liable for the acts of the sheriff.

■ Our previous decision that Sheriff Kellberg was not a policy-maker for Burnett County was not in error since an examination of Wisconsin law establishes that despite the hybrid nature of his position as an officer of the state and the county, the sheriff acts on behalf of the state when fulfilling his constitutional obligations, not the county. Since we expressly remanded this case for a consideration of whether the Burnett County Law Enforcement Committee was liable to Soderbeck, the district court did not err in refusing to allow Soderbeck to introduce evidence of Sheriff Kellberg's status as a county policy-maker and in refusing to grant Soderbeck's motion for summary judgment. If the district court had allowed Soderbeck to introduce evidence of Kellberg's status as a county policy-maker, the trial court's decision would have violated the doctrine of the law of the case since it would have allowed the court to consider a matter that had already been decided by this court.

■ Soderbeck also maintains that the trial court erred in denying her motion for summary judgment and subsequent motion for judgment notwithstanding the verdict in light of the United States Supreme Court's decision in *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), decided after we issued our opinion in the initial appeal of Soderbeck's case. In *Brandon v. Holt*, the Supreme Court merely held that a municipality could be liable if its officials were sued in their official capacities. In *Brandon*, the defendant was not even working for municipality at the time that the plaintiff's cause of action arose. Thus, *Brandon* can be distinguished on the issue in this case, which is whether the sheriff was a policy-making official of the county. In *Westbrook v. Zant*, 743 F.2d 764, 768–69 (11th Cir.1984), the court stated that the federal courts should not apply the doctrine of the law of the case when "controlling authority has since made a contrary decision of the law applicable to the issue." Since *Brandon* is not applicable to the issue presented in this case, *Brandon* is not "controlling authority" and therefore our application of the doctrine of law of the case in the present action is proper.

III

■ Soderbeck next contends that the trial court abused its discretion in excluding the testimony of Eugene Boyd, a former employee of the Burnett County Sheriff's Office. In response to the county's interrogatories, Soderbeck answered that Boyd would testify as to certain peripheral matters of minor significance to the case, and, at the first trial of this case, Boyd's testimony concerned only peripheral matters. At the second trial, Soderbeck

sought to have Boyd testify that Sheriff Kellberg told Boyd that Kellberg discussed Soderbeck's termination with Lowell Nelson, a member of the Burnett County Law Enforcement Committee and that Nelson told Kellberg to get rid of Soderbeck. The county objected to the admission of this testimony on the grounds that Soderbeck failed to disclose the nature of Boyd's testimony in her answers to the county's interrogatories, and the trial court sustained the objection, excluding Boyd's testimony about Nelson's purported statement to Kellberg. The trial judge stated:

"Mr. Marshall, I just told you that the issues are no different at this trial from what they were in the first trial. You were trying very hard at the first trial to pin the individual members of the Law Enforcement Committee with liability.... The issues at the first trial included the issue of the liability of the Law Enforcement Committee for the termination of Arline Soderbeck. That is the only issue now at this trial, but it is the same issue that was raised in the first trial. So to tell me that the reason you didn't disclose Mr. Boyd's information to Mr. Bell was because the issues are different doesn't wash. Just flat out it doesn't wash. Now, if you have another argument, I will hear it. But I don't want to hear that argument again."

In *Ellis v. City of Chicago,* 667 F.2d 606, 611 (7th Cir.1981), we stated that "decisions regarding the admission and exclusion of evidence are peculiarly within the competence of the trial court and will not be reversed on appeal unless they constitute a clear abuse of discretion." We continued to state that "[m]oreover, a party challenging the exclusion of evidence has the burden of demonstrating that his substantial rights have been prejudiced by the exclusion." *Id.* Federal Rule of Civil Procedure 37(a)(3) states that "[f]or the purposes of this subdivision an evasive answer [to an interrogatory] is to be treated as a failure to answer." Rule 37(d) continues to state:

"(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, *the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.* In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Fed.R.Civ.P. 37(d) (emphasis added).

Rule 37(b)(2)(B) states:

"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;"

Thus, under Rule 37, if a party fails to serve proper answers to another party's interrogatories, the court may prohibit that party from introducing into evidence matters that were requested but not disclosed in those interrogatories. Hence, a reading of Rule 37 reveals that the trial court acted properly to exclude Boyd's new proposed testimony.

Finally, although the parties failed to argue the point, we note that Boyd's testimony about Nelson may very well have been irrelevant because absent a statute or ordinance to the contrary, Nelson as an individual could not speak for the Law Enforcement Committee. Since neither the Wisconsin Statutes nor the county rules

provide that a member of the Law Enforcement Committee when speaking as an individual speaks for the Committee, the district court might have properly excluded Boyd's testimony on that basis as well. *See, e.g., Hope, Inc. v. County of DuPage, Illinois,* 738 F.2d 797 (7th Cir.1984).

### IV

■ Soderbeck next maintains that the trial court erred in refusing to instruct the jury on her theory of liability. Soderbeck's counsel requested an instruction that would have imposed liability on Burnett County if any individual member of the Law Enforcement Committee participated individually in the firing of Soderbeck. The district court rejected Soderbeck's proposed instruction and instead gave the following instruction:

> "Although the Law Enforcement Committee had no legal authority to fire plaintiff Arline Soderbeck or overturn the decision of Sheriff Kellberg to fire her, it may be found liable for the firing. In other words, you may answer yes to that question, if you find that the committee members participated in Sheriff Kellberg's decision to fire the plaintiff. Participation includes actively taking part in or encouraging or aiding or directing or requesting Sheriff Kellberg to fire the plaintiff. In order to find that the Law Enforcement Committee ratified plaintiff's firing you must find that the committee gave affirmative approval to the firing.
>
> The mere failure or refusal of the Law Enforcement Committee to intervene in the firing on plaintiff's behalf or to attempt to vacate or overturn Sheriff Kellberg's decision does not constitute participation in the firing."

In the first appeal of this case, *Soderbeck v. Burnett County,* 752 F.2d 285 (7th Cir.1985), we made it clear that the county would be liable for the firing of Soderbeck only if the Law Enforcement Committee participated in the termination of her employment. We stated that "[t]he important question is whether it [the Law Enforce-

ment Committee] participated in her firing." *Id.* at 293. We further stated:

> "But the jury did not have to find that the committee merely failed to act. Common-sense recognition that the people who control the purse strings are likely to be consulted about what must have been one of the most dramatic personnel issues in Burnett County's history, coupled with the facts that the committee had hired Mrs. Soderbeck, had been involved in another disciplinary matter in the sheriff's department (provided it had not been involved in purely a review capacity), met regularly with the sheriff (he testified that he reports to them), and may actually have approved rather than merely have refused to annul the firing of Mrs. Soderbeck, would have allowed a reasonable jury to infer that the committee (Nelson in particular) participated in—at least by ratifying, but in any event not just by passively refusing to intervene in—Kellberg's firing of Mrs. Soderbeck."

*Id.* at 293–94. We also stated:

> "But we need not pursue the issue, as the plaintiff made no effort to show that the sheriff is a policy-making official of the county government. The basis on which she tried to implicate the county in the sheriff's wrongdoing was different; it was the involvement of the members of the county's Law Enforcement Committee. The governing body of the county is its Board of Supervisors, which operates through committees. The Law Enforcement Committee is one, and it is in charge of the budget for the sheriff's department."

*Id.* at 292–93. A plain reading of our previous decision in this case demonstrates that the county is liable only for the actions of the Law Enforcement Committee and not the actions of individual members of the committee acting outside of their capacity as individuals not as committee members. We stated in *Soderbeck I* that "Burnett County is liable if at all to Mrs. Soderbeck only for its own acts." 752 F.2d at 292. "The governing body of the county is its Board of Supervisors, which operates through committees." *Id.* "The Law En-

forcement Committee is one, and it is in charge of the budget for the sheriff's department." *Id.* Therefore, based on our opinion in *Soderbeck I* we hold the district court properly instructed the jury that the county would not be liable for the individual actions of members of the Law Enforcement Committee taken without the approval of the committee itself.

## V

The judgment of the district court is AFFIRMED.