KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You have asked for my opinion as to whether under section753.19, Stats., a county must "provide free copy machine services for state-employed court reporters when those court reporters make copies of transcripts for non-indigent litigants when the court reporters are being paid by the litigant for the transcript copies?"
In my opinion, the answer is no.
You state that court reporters charge the recipients of the transcripts for copies while at the same time refusing to reimburse the county for the use of the copying facilities.
Section 753.19 provides, in relevant part, that "[t]he cost of operation of the circuit court for each county . . . shall be paid by the county."
The Wisconsin Supreme Court interpreted section 753.19 inContempt in State v. Lehman, 137 Wis.2d 65, 403 N.W.2d 438
(1987). In Lehman, the court considered whether the county was required to pay the reasonable attorney fees of counsel appointed by the court to assist an indigent criminal defendant. The court concluded that the county was required to pay the attorney fees under section 753.19 because the trial court had determined that the appointment of the stand-by counsel was essential and that payment of the fees was not mandated by other provisions of the statutes. Lehman, 137 Wis.2d at 83.
Likewise, in Romasko v. Milwaukee, 108 Wis.2d 32, 36-37,321 N.W.2d 123 (1982), the supreme court held that where a guardian ad litem is appointed by a court to represent an indigent minor and no specific provision for payment of fees appears in *Page 158 
the statute, the county of venue must pay those fees under section753.19. The court concluded that the guardian ad litem fee is a necessary cost of the operation of the court because the guardian ad litem's services enable the court to perform its duty of providing protection to the minor. Romasko, 108 Wis.2d at 42.
In contrast, in 74 Op. Att'y Gen. 164, 168 (1985), the attorney general concluded that the bar dues of circuit court judges are not a cost of operation of the circuit court but rather are personal professional costs. The attorney general reasoned that the bar dues of individuals licensed as attorneys to serve as circuit judges are not a court's necessities which would permit a court to utilize its inherent power to compel the county to pay such dues under section 753.19.
In my opinion, the copying costs of a court reporter are not a cost of operation of a circuit court when the reporter is providing copies of transcripts to non-indigent parties who have requested the transcript and/or copies of the transcript pursuant to section757.57 (5). Section 757.57 (5) allows any party to a proceeding to request the reporter to make a typewritten transcript. Under section 814.69 (2) the reporter receives a fee from the party requesting the transcript of $1.75 per twenty-five line page for the original and sixty cents per twenty-five line page for each copy. If the state is the requester, the reporter receives $1.50 per twenty-five line page for the original and fifty cents per page for each copy. See also SCR 71.04 (6) and (11).
Thus, the reporters are reimbursed for their expenses in preparing a transcript by the party who requests the transcript. The transcripts are prepared for the benefit of the parties who request them, not for the benefit of the court. Therefore, under section 753.19 counties are not required to provide free copy machine services for court reporters who collect fees under section 814.69 (2) for furnishing transcripts to parties.
DJH:LS *Page 159