DENNIS E. KENEALY, Corporation Counsel Ozaukee County
You have asked for my opinion as to whether Ozaukee County is required to pay, or whether it may pay, the bar dues of the Ozaukee County District Attorney and Assistant District Attorneys in light of an earlier opinion issued at 74 Op. Att'y Gen. 165 (1985).
In my opinion, the county is not required to pay the bar dues of the district attorney and her assistants. However, a district attorney or assistant district attorney may elect under section978.12 (6)(a), Stats., to retain a county fringe benefits package that includes payment of bar dues.
In 74 Op. Att'y Gen. at 166, the attorney general concluded that there was no Wisconsin statute expressly conferring on county boards the power to pay state bar dues of circuit judges. You indicate that the opinion might not be applicable to district attorneys because of sections 978.13 and 59.15 (3).
Section 978.13 (1)(a) requires the state to assume financial responsibility for payment of salaries and fringe benefits for district attorneys, deputy district attorneys and assistant district attorneys. Except as provided for in section 978.13 (1), counties have the financial responsibility for the operation of the district attorney's office, including, but not limited to all of the following: adequate office space, upkeep and repair of the office, utilities, a sufficient law library, adequate investigators, clerical and support staff and office equipment and supplies. Sec. 978.13 (2)(a)-(f), Stats. District attorney bar dues are not one *Page 160 
of the expenses enumerated in section 978.13 (2) to be paid for by the county and thus the county is not required to pay the bar dues under this statute.
The other statute to which you refer, section 59.15 (3), provides that:
 The [county] board may provide for reimbursement to any elective officer, deputy officer, appointive officer or employe of any expense out-of-pocket incurred in the discharge of his [or her] duty in addition to his [or her] salary . . . including without limitation because of enumeration, traveling expenses within or without the county or state [and] tuition costs incurred in attending courses of instruction clearly related to his [or her] employment . . . .
In my opinion, the district attorney and assistant district attorneys no longer fall under the provisions of section 59.15. As a result of legislation effective January 1, 1990, the office of district attorney was changed from a county office to a state office for statutory purposes.
Under section 5.02 (23), a state office is now defined to include the office of district attorney. Under section 59.12 the district attorney is no longer listed as a county officer. Indeed, the Legislature has completely removed from chapter 59 the description of the district attorney's duties by repealing section 59.47. Also, the salaries of district attorneys and assistant district attorneys are paid for by the state. Sec. 978.12, Stats. Along with the many other changes brought about by the district attorney legislation, candidates for district attorney are required to file nomination papers and campaign finance registrations and reports with the state elections board rather than county clerks. Sec. 8.10 (6)(a), Stats. In addition, district attorneys are subject to the code of ethics for state public officials. Secs. 19.42 (10)(c) and20.923 (2)(j), Stats.
Similar statutory changes affecting circuit court judges led the court to conclude in Committee to Retain Byers v. ElectionsBoard, 95 Wis.2d 632, 634, 291 N.W.2d 616 (Ct.App. 1980), *Page 161 
that the office of circuit judge is a state rather than a county office. The court noted that circuit court judges are compensated as state employes; candidates for circuit court judge file nomination papers with the state election boards; winners of circuit court elections are certified by a state agency; and circuit court judges are subject to the code of ethics for state public officials. Byers, 95 Wis.2d at 635. These statutes and others led the court to conclude that the "statutory scheme governing elections clearly indicates that the office of circuit court judge is a state and not a county office." Byers, 95 Wis.2d at 634.
Based on the significant statutory changes in the office of district attorney and the court's decision in Byers, I conclude that section 59.15 (3) does not apply to district attorneys and assistant district attorneys because, under the statutes, they are not county "elective officer[s], deputy officer[s], appointive officer[s] or employe[s]."
I have also considered and rejected the proposition that language in article VI, section 4 (1) of the Wisconsin Constitution brings district attorneys and their assistants within the purview of section 59.15 (3). Article VI, section 4 (1) of the Wisconsin Constitution provides, however, that "[s]heriffs . . . district attorneys, and all other elected county officers . . . shall be chosen by the electors of the respective counties. . . ." Notwithstanding the inclusion of sheriffs as county officers:
 [T]he Wisconsin Supreme Court has determined that the sheriff "represents the sovereignty of the State" and is "accountable only to the sovereign. . . ." Although we might question the Wisconsin Supreme Court's classification of the county sheriff as an officer of the state, that court's determination based as it is on an interpretation of the Wisconsin Constitution is not subject to revision by . . . [others than the Wisconsin Supreme Court].
Soderbeck v. Burnett County, Wis., 821 F.2d 446, 451 (7th Cir. 1987). Hence, article VI, section 4 (1) of the Wisconsin Constitution does not affect the statutory classification of district *Page 162 
attorneys as state officers. It requires only that the district attorney be chosen by the electors of specific counties. Counties do not, therefore, have the authority under section 59.15 (3) to pay the bar dues of the district attorney and assistant district attorneys.
You mention in your request that the district attorney has chosen to maintain her benefits under the county benefit program pursuant to section 978.12 (6) and that the two assistant district attorneys have joined the state benefit program. Section978.12 (6)(a) provides in part that:
 A district attorney or other employe of the office of district attorney who was employed in that office as a county employe on December 31, 1989, and who received any form of fringe benefits other than a retirement, deferred compensation or employe-funded reimbursement account plan as a county employe, as defined by that county pursuant to the county's personnel policies, or pursuant to a collective bargaining agreement in effect on January 1, 1990 . . . may elect to continue to be covered under all such fringe benefit plans provided by the county after becoming a state employe.
Hence, a district attorney or assistant district attorney may opt for the county fringe benefit plan if he or she was employed by the county in the district attorney's office on December 31, 1989, and received any form of fringe benefits as a county employe as defined by the county's personnel policies or pursuant to a collective bargaining agreement. Payment of bar dues could reasonably be considered a fringe benefit that the county could choose to provide. To the extent that the cost of the county benefit program exceeds the cost of participation in the state program under chapter 40 the county picks up the cost. Sec. 978.12 (6)(a), Stats. Thus, the county is specifically authorized to pick up the excess costs of county fringe benefits for district attorneys and their assistants under certain limited circumstances. No statute requires the county to supply bar dues *Page 163 
as a fringe benefit. It is a matter of county personnel policy and/or collective bargaining prior to the state's assumption of the compensation of district attorneys and their assistants.
DJH:LS *Page 164