FREDRICK, and another, Plaintiffs-Appellants-Petitioners, v. CITY OF JANESVILLE, and another, Defendants-Respondents.

Supreme Court

*No. 78–819. Submitted September 14, 1979.—Decided December 4, 1979.*
(Also reported in 285 N.W.2d 655.)

686

For the appellants: *Richard E. Rosenberg* and *Nowlan & Mouat* of Janesville.

For the respondent: *Eli Block* of Janesville.

*PER CURIAM* The plaintiffs appealed to the Court of Appeals from an order of the trial court dated September 22, 1978, which granted the defendants' motion to dismiss at the close of the plaintiffs' case. The order dismissed the action as to all defendants on the merits, with prejudice, and with statutory costs to the defendants.

The Court of Appeals, on its own motion, dismissed the plaintiffs' appeal on the ground that although the September 22, 1978 order could be a final appealable order within the definition of sec. 808.03(1), Stats., it was not a final order under the circumstances of this case because the trial court subsequently entered an Order for Judgment on October 4, 1978, and a Judgment on October 19, 1978. 91 Wis.2d 572, 574–5, 283 N.W.2d 480 (1979).

The Court of Appeals in this case held that the test to determine whether a decision is a final order or judgment is ". . . whether the trial court contemplated that an additional formal document would be entered with respect to the matter covered in the decision . . ." *Id.* at 575. Applying that test, the court concluded the trial court had not intended the September 22nd order to be final because it subsequently entered the October 4th order and October 19th judgment.

We agree with the test to determine finality as stated by the Court of Appeals. In fact, this court in the past

has stated the test in much the same way. *See, e.g., State v. Kasuboski,* 83 Wis.2d 909, 910, 266 N.W.2d 433 (1978); *Barneveld State Bank v. Petersen,* 68 Wis.2d 26, 29–30, 227 N.W.2d 690 (1975). In *Estate of Baumgarten,* 12 Wis.2d 212, 107 N.W.2d 169 (1961), this court held that a memorandum decision issued by a trial court could be a final order. We stated at p. 220:

". . . There is nothing stated in such decision that any further order is contemplated to be entered with respect to such motion. The prior holdings of this court establish that a memorandum opinion or decision may constitute an order if it in fact constitutes the final ruling of the court. . . ."

*See also Walford v. Bartsch,* 65 Wis.2d 254, 222 N.W.2d 633 (1974).

These cases, and prior ones, were decided when the statutes prescribed that to be appealable an order had to be a final order affecting a substantial right made in a special proceeding or a final order affecting a substantial right which in effect determined the action and prevented a judgment from which an appeal could be taken. See sec. 817.33, Stats. 1975. Under present sec. 808.03(1), an appeal as a matter of right can be taken from a final judgment or final order ". . . which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." A judgment is defined in sec. 806.01(1)(a) as ". . . the determination of the action." The September 22nd document issued by the trial court in this case determined the action and was a judgment within the meaning of this definition.

In the past, this court has held that orders granting motions for nonsuit at the close of the plaintiff's case were not appealable. *Erà Club, Inc. v. Rupp,* 244 Wis. 587, 13 N.W.2d 88 (1944). Such orders were not appeal-

able because they did not determine the action nor prevent a judgment from which an appeal could be taken. Both those conditions (in addition to affecting a substantial right) had to exist for an order to be appealable. *Walford v. Bartsch, supra,* at 257.

On the other hand, this court in the past has also held that orders dismissing an action were appealable because they were in effect, judgments. *Last v. Puehler,* 19 Wis.2d 291, 293, 120 N.W.2d 120 (1963) ; *State v. Donohue,* 11 Wis.2d 517, 105 N.W.2d 844 (1960). *See Russell v. Johnson,* 14 Wis.2d 406, 412, 111 N.W.2d 193 (1961) ; *State v. Eigel,* 210 Wis. 275, 246 N.W. 417 (1933).

Whether the September 22nd document is viewed as an order or as a judgment, its appealability is dependent upon whether it is final. As indicated, the Court of Appeals concluded it was not final because an order and judgment were subsequently entered. We reject the Court of Appeals' reasoning that subsequent events can determine the finality of the order or judgment. The test of finality is not what later happened in the case but rather, whether the trial court contemplated the document to be a final judgment or order at the time it was entered. This must be established by looking at the document itself, not to subsequent events. In determining whether any particular form of judicial action is appealable, the nature of the adjudication is what is controlling. *Will of Jansen,* 181 Wis. 83, 85, 193 N.W. 972 (1923).

We conclude the September 22nd "order" of the trial court dismissing the action on the merits, with prejudice and with statutory costs to the defendants, was a final appealable judgment.[1] If the appeal had been taken the

[1] We note, as did the Court of Appeals, that because this document was entered on September 28th, the notice of appeal should

next day, there would have been no question as to its appealability. The case was finally determined as of September 22nd. The document of that date did not contemplate any further order or judgment and hence it was final and appealable.

Accordingly, we grant the plaintiffs' petition for review filed in this court, and pursuant to Rule 809.21, Stats., summarily reverse the decision of the Court of Appeals and remand the matter to that court with directions to reinstate the plaintiffs' appeal[2] as to the defendants, City of Janesville and Continental Casualty Company.

An order consistent with this opinion has been filed.

---

have referred to that date rather than the September 22nd date of signing. We agree the notice of appeal sufficiently described the document appealed from. *State v. Avery,* 80 Wis.2d 305, 309, 259 N.W.2d 63 (1977). For convenience we have referred to the September 22nd date throughout this opinion.

[2] There was no notice of entry given with respect to the September 22nd judgment. Therefore, the time limit within which an an appeal could be taken was 90 days from the date of its entry. This judgment was entered on September 28, 1978, and the appeal was filed on December 5, 1978, well within the 90-day limitation.