Rebecca RADOFF, Ruth Posner, Evelyn Radoff, Sol Radoff, Lucretia Radoff and Isadore Radoff, Plaintiffs-Appellants-Petitioners,†

v.

RED OWL STORES, INC., Wisconsin Performance Warehouse, Inc., and Post Newspaper Division of the Post Corporation, Defendants-Respondents.

Supreme Court

*No. 81–728. Submitted on briefs November 4, 1982.—Decided November 30, 1982.*

(Also reported in 326 N.W.2d 240.)

† Motion for reconsideration denied, with costs, on January 11, 1983. CECI, J., took no part.

For the plaintiffs-petitioners the cause was submitted on the brief (in this court) by *Robert E. Sutton*, Milwaukee.

For the defendants-respondents a letter indicating no brief will be filed.

SHIRLEY S. ABRAHAMSON, J.  This is a review of an unpublished summary order of the court of appeals filed January 8, 1982, dismissing an appeal of an order of the circuit court for Milwaukee county, Louis J. Ceci, circuit judge.  The circuit court order granted summary judgment in favor of the defendants.  The court of appeals determined that it lacked jurisdiction over the appeal since the order appealed from was not a final appealable order within the meaning of sec. 808.03(1), Stats. 1979-80.  We affirm the decision of the court of appeals.

The procedural facts are undisputed.  The Radoffs filed a complaint against Red Owl Store, Inc., Performance Warehouse, Inc., and Post Newspaper Division of Post Corporation alleging that the defendants had breached a lease agreement.  All three defendants moved for summary judgment in their favor against the Radoffs, who filed a cross-motion for summary judgment.  After reviewing the record and hearing argument on the motions, the circuit court granted summary judgment in favor of the defendants.

The circuit court's memorandum decision granting the summary judgment was signed "By the court" by the circuit judge and was filed in the office of the clerk of circuit court on March 18, 1981. The decision provides that: "An order in conformity with this decision shall be submitted to the Court for signature within 14 days of the date hereof."

An order complying with the memorandum decision was signed "By the court" by the circuit judge and was filed in the office of the clerk of circuit court on April 6, 1981. The order states: "IT IS HEREBY ORDERED that defendants' motions for summary judgment, pursuant to Section 802.08, Stats., be, and the same hereby are, granted, and the judgment be entered for the defendants and against plaintiffs."

On April 9 the Radoffs filed a notice of appeal from the April 6 order.

On June 23, 1981, a document entitled "Judgment" was signed "By the court" by the clerk of circuit court and was filed in the office of the clerk of circuit court. The judgment specifically refers to the circuit court's memorandum decision dated March 18, 1981, and can be read to refer to the order. The judgment concludes as follows: "IT IS ADJUDGED, that the defendants . . . have a judgment against the plaintiffs . . . dismissing the plaintiff's complaint, together with their costs in the amount of $159.15."

The sole issue in this case is whether the court of appeals erred in its determination that the April 6 order was not a final order within the meaning of sec. 808.03 (1), Stats. 1979–80, and therefore not appealable as of right. Sec. 808.03, Stats. 1979–80, provides:

"(1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a

judgment or order entered in accordance with s. 806.06 (1) (b) or 807.11(2) or a disposition recorded in docket entries in traffic regulation cases and municipal ordinance violation cases prosecuted in circuit court which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

In determining whether the April 6 order is final and consequently appealable as of right, we are confronted with the fact that a judgment was entered after the April 6 order. This court has held that an order may be a final order appealable as of right notwithstanding a subsequent action of the circuit court. We have said that the test to determine whether the order in question is final is not whether a subsequent document exists but whether the circuit court contemplated the order to be a final order at the time the order was entered. The circuit court's contemplation is established by looking at the language of the order, not at the events which occurred subsequent to the entry of the order. We set forth this test in *Fredrick v. City of Janesville*, 92 Wis. 2d 685, 688, 285 N.W.2d 655 (1979), as follows:

"The test of finality is not what later happened in the case but rather, whether the trial court contemplated the document to be a final judgment or order at the time it was entered. This must be established by looking at the document itself, not to subsequent events."

We must therefore examine the words of the order. The order states that the defendants' motions "be and hereby are granted" but does not state that the judgment be and hereby is entered. The order provides that "judgment be entered for the defendants and against plaintiffs." The language as to the judgment, especially when contrasted with the language as to the motions, reveals

that the circuit court contemplated that another document was forthcoming after the order and that the subsequent document would dispose of the case. On close reading of the order we agree with the court of appeals that the order contemplates a judgment.

Our cases relating to what constitutes a final judgment or order seem to pose one of two questions: (1) whether the order or judgment is final in the sense that as a matter of substantive law it disposes of the entire matter in litigation as to one or more of the parties, and (2) whether the order or judgment is final in the sense that it is the last document in the litigation, that is, that the circuit court did not contemplate a document subsequent to the one from which the appeal was taken. The first question may involve difficult questions of law and characterizations of legal proceedings.[1] The second question is a matter of form and the intent of the circuit court.[2] This case involves the second question.

Cases involving the second question recur with some frequency, and these cases can easily be avoided if attorneys and judges are sensitive to the possibility of appeal. The last document should be drafted carefully with the rules of appellate practice in mind. It may be wise for the last document to indicate on its face that for purposes of appeal it is the final order or judgment and that no subsequent document is contemplated. This

---

[1] *See, e.g., Shuput v. Lauer,* 109 Wis. 2d 164, 325 N.W.2d 321 (1982); *Brownsell v. Klawitter,* 102 Wis. 2d 108, 117, 306 N.W.2d 41 (1981); *In re Incorporation of Town of Fitchburg,* 98 Wis. 2d 635, 647–48, 299 N.W.2d 199 (1980).

[2] *See, e.g., Fredrick v. City of Janesville,* 92 Wis. 2d 685, 285 N.W.2d 655 (1979); *Estate of Baumgarten,* 12 Wis. 2d 212, 220, 107 N.W.2d 169 (1961); *Schiller v. Wisconsin ILHR Department,* 103 Wis. 2d 353, 354, n. 1, 309 N.W.2d 5 (Ct. App. 1981); *Kaiser v. City of Mauston,* 99 Wis. 2d 345, 346–47, n. 1, 299 N.W.2d 259 (Ct. App. 1980); *Committee to Retain Byers v. Election Board,* 95 Wis. 2d 632, 633, n. 1, 291 N.W.2d 616 (Ct. App. 1980).

kind of careful drafting of the final order or judgment will help avoid the issue posed in this case.

*By the Court.*—The decision of the court of appeals is affirmed.

CECI, J., took no part.