STATE of Wisconsin, Plaintiff-Appellant-Cross-Respondent,

v.

Ronald WRIGHT, Defendant-Respondent-Cross-Appellant.

Court of Appeals

*No. 87–1499–CR. Submitted on motion November 20, 1987.—Decided January 13, 1988.*

(Also reported in 420 N.W.2d 395.)

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

PER CURIAM.   Ronald Wright moves to dismiss the state's appeal of a postconviction order granting Wright a new trial because of ineffective assistance of counsel. Wright contends that the state's appeal time began to run on June 12, 1987 and this appeal, commenced by an August 10, 1987 notice of appeal, is not timely under sec. 808.04(4), Stats. We conclude that the June 12, 1987 order was not final so that the

appeal time did not begin to run on that date. We conclude that this court has jurisdiction over the appeal.

Wright filed a cross-appeal from the underlying judgment of conviction. The parties also submitted memos on whether Wright could file a cross-appeal. Upon review of those memos, we conclude that this court also has jurisdiction over the cross-appeal.

Wright was convicted of armed robbery. The judgment of conviction was entered on June 18, 1986. Postconviction proceedings were commenced on Wright's behalf culminating in a motion for a new trial on the grounds of ineffective assistance of trial counsel. The necessary evidentiary hearings were held and the parties appeared in court on June 12, 1987 for the rendering of a decision. The parties agree that Judge Vuvunas had already informed them that he intended to grant the motion.

The transcript of that hearing contains the following discussion which we consider crucial to a determination of whether the state's appeal was timely filed:

> [JUDGE VUVUNAS]: I do think that Mr. Wright was denied effective assistance of counsel. Certainly from the whole conduct of the trial, the Court had problems with the way the trial was being conducted at the time it was being tried, and I will grant his motion. What I'm going to do is order that my court reporter type up this portion of the decision. I'm going to reserve rights to edit it and add to it in writing and provide you with a copy so you can give it to the Attorney General, if the state wishes to appeal from this particular ruling, Mr. Guttenberg. I'll have that for you within a week. She'll get this typed up in a couple days, and I'll get it to you in a little while.

[DEFENSE COUNSEL]: Your ruling will contain an order granting a new trial?

THE COURT: I am granting an order for a right to a new trial based on the denial of the effective assistance of counsel, yes. I'm granting that order now, and I'm going to put the order in writing a little bit later.

[DEFENSE COUNSEL]: I have a written order. I'll bring it this morning for signature.

THE COURT: I'll sign that order, and I'll give you a written decision as to that a bit later. All right.

[ASSISTANT DISTRICT ATTORNEY]: Pending, I guess what we're going to do in terms of possible appeal, we should have a trial date set.

THE COURT: We'll schedule a trial date, and if you—certainly you can't file notice to appeal until you get my written decision. You need that. I'll give you leave, extend the times for limitation for filing that notice until such time as you get my written decision. In the meanwhile, set the matter for trial.

The record contains an "Order Granting a New Trial" signed by Judge Vuvunas and entered on June 12, 1987. That order recites: "IT IS ORDERED that said motion be, and hereby is, granted, on the ground of ineffective assistance of trial counsel. IT IS FUR-THER ORDERED that, as a consequence, the judgment of conviction is hereby vacated." Whether that order is a final, appealable document is the dispositive question.

On June 29, 1987, Judge Vuvunas signed an "Order Vacating Judgment and Granting New Trial."

121

That order was entered on July 6, 1987 and states as follows:

> This matter having come before the court on defendant's Rule 809.30 motion for new trial,
>
> IT IS HEREBY ORDERED that said motion is granted, for reasons set forth by the court on the record;
>
> IT IS FURTHER ORDERED that the judgment of conviction be vacated, and the matter set for new trial.

Finally, on July 14, 1987, Judge Vuvunas issued a written decision on Wright's postconviction motion. The decision concluded as follows: "I am ordering that the time for appeal shall run from the date of this decision. The Court is also making part of this order the oral decision it made on June 12, 1986 [sic, 1987]."

On August 10, 1987, the state filed a notice of appeal from the order "which was signed June 29, 1987 and entered July 6, 1987, and which is supplemented by a written decision entered July 14, 1987, granting the defendant's motion for a new trial on the basis of ineffective assistance of counsel."

The question presented by Wright's motion to dismiss is whether the August 10, 1987 notice of appeal was filed within forty-five days of the entry of an appealable order as required by sec. 808.04(4), Stats. The resolution of that question requires a determination as to whether the June 12, 1987 order was final and thus appealable. The state concedes that if the order is final, then its notice of appeal would be untimely.

■

What constitutes a final judgment or order raises two inquiries: (1) whether it is final in the sense that

as a matter of substantive law it disposes of the entire matter in litigation as to one or more of the parties; and (2) whether it is final in the sense that it is the last document in the litigation, that is, that the circuit court did not contemplate the entry of a document subsequent to the one from which the appeal was taken. *Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 494, 326 N.W.2d 240, 241–42 (1982).

The state concedes that the June 12, 1987 order does dispose of the entire matter in litigation so that, substantively, the order is final. The state argues, however, that the trial court did not contemplate the June 12, 1987 order to be the final document in the litigation.

■

Typically, the question of the trial court's intent has been answered by looking at the language of the order. *See, e.g., id.* at 493, 326 N.W.2d at 241; *Fredrick v. City of Janesville,* 92 Wis. 2d 685, 688, 285 N.W.2d 655, 657 (1979). Events subsequent to the entry of the order are not controlling. *Id.*

In both *Fredrick* and *Radoff,* the court's inquiry was limited to the language of the document itself. This case presents a different scenario. The June 12, 1987 order is, on its face, final. The language of the order does not indicate that any additional document was contemplated by the trial court. The trial court's oral comments made in open court prior to the entry of that order, however, clearly indicate that additional documents would be filed.

■

We read nothing in *Fredrick* or *Radoff* that limits this court's inquiry to language of the document. We conclude that the trial court's contemporaneous comments can be considered in determining whether the

June 12, 1987 order was intended by the trial court to be the last document. The rule against reliance on subsequent events is designed to avoid a continuing state of uncertainty as to when a judgment or order is final. That rationale does not preclude reference to items of record at the time the judgment or order is entered. All parties should be aware of any aspect of the record which is relevant to the trial court's intent. The uncertainty associated with subsequent events does not arise.

In this case, the trial judge expressly stated at the June 12, 1987 hearing that he would be issuing a written decision at a later date. Thus, the trial court clearly contemplated a subsequent document. Therefore, the June 12, 1987 order is not a final, appealable order. Because the state's August 10, 1987 notice of appeal was filed within forty-five days of the July 6, 1987 order and July 14, 1987 decision, this court has jurisdiction over the appeal.

The second question before this court was raised by this court's jurisdictional order. The court requested memos on the question of whether Wright had a right to file a cross-appeal from the June 18, 1986 judgment of conviction where the trial court had granted his motion for a new trial. The parties agree that Wright's cross-appeal is jurisdictionally proper.

In his jurisdictional memorandum, Wright indicates that the cross-appeal will challenge the sufficiency of evidence supporting the guilty verdict. Thus, if successful on cross-appeal, the trial court's order would be modified from one which orders a new trial to an order dismissing the complaint. Thus, Wright falls within the scope of Rule 809.10(2)(b), Stats.,

124

which states that "[a] respondent who seeks a modification of the judgment or order appealed from or of another judgment or order entered in the same action or proceeding shall file a notice of cross-appeal ...." *See also State v. Huff,* 123 Wis. 2d 397, 407–08, 367 N.W.2d 226, 231–32 (Ct. App. 1985). The court has jurisdiction over Wright's cross-appeal directed to the judgment of conviction.

*By the Court.*—Court has jurisdiction over both the appeal and cross-appeal no. 87–1499–CR; motion to dismiss denied.