Darrell HARDING, Plaintiff-Counterclaim-Defendant-Joint-Appellant-Cross-Respondent,

v.

Dr. Parmod KUMAR, Defendant-Third-Party Plaintiff-Counterclaim-Plaintiff-Respondent-Cross-Appellant,†

v.

BSTV, INC., d/b/a Realty Executives and Chicago Insurance Co.,Third-Party Defendants-Joint-Appellants-Cross-Respondents,

Julius KAULFUERST and Best Properties, Inc., Third-PartyDefendants.

Court of Appeals

*No. 99–2030. Submitted on briefs June 5, 2001.—Decided July 17, 2001.*

2001 WI App 195

(Also reported in 633 N.W.2d 700.)

† Petition to review denied 10-23-01.

On behalf of the plaintiff-counterclaim-defendant-joint-appellant-cross-respondent, the cause was submitted on the brief of *John R. Sosey* of *Schwei & Wendt, S.C.*, Brookfield.

On behalf of the defendant-third-party plaintiff-counterclaim-plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Charles H. Barr* of *Croen & Barr LLP*, Milwaukee.

On behalf of the third-party defendants-joint-appellants-cross-respondents, BSTV, Inc., d/b/a Realty Executives and Chicago Insurance Co., and on behalf of

the plaintiff-counterclaim-defendant-joint-appellant-cross-respondent, *Darrell Harding*, the cause was submitted on the joint briefs of *Wendy G. Gunderson* of *Bren, Przybeck & Stotler*, Milwaukee and *John T. Bode* of *Bode, Carroll, McCoy, Hoefle & Mihal*, Waukesha, and *Jennifer A. Slater Carlson* of *Otjen, Van Ert, Lieb & Weir, S.C.*, Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, J.J.

¶ 1. FINE, J. The disputes in this case arose out of a real estate transaction. Darrell Harding sued Parmod Kumar, seeking to recover on a note that Harding alleged had been assigned to him by the person to whom Kumar had given the note. Kumar answered Harding's complaint and counterclaimed. Kumar also sued BSTV, Inc., d/b/a Realty Executives, Harding's employer, and Chicago Insurance Company, BSTV's liability carrier, as well as Julius Kaulfuerst, alleged to be an employee of BSTV, as third-party defendants. No separate claim was asserted against Chicago Insurance. Kaulfuerst is not a party to this appeal and cross-appeal.

¶ 2. Although the parties have briefed the merits of the underlying disputes, we cannot reach the merits unless we have jurisdiction over these appeals. There are two preliminary issues that affect our jurisdiction, and these revolve around an order for judgment dated October 22, 1998, two judgments dated December 1, 1998, purporting to be entered on that order for judgment, and a new judgment, dated July 28, 1999, also purporting to be entered on the October 22 order for judgment. The first issue is whether Kumar could have appealed from the December 1 judgments. The second issue is if Kumar could have appealed from the Decem-

ber 1 judgments, can he also appeal from the July 28, 1999, judgment. We conclude that Kumar could have appealed from the December 1 judgments, but he filed his notice of appeal too late, and that, for the reasons explained below, he cannot now appeal from the July 28 judgment.

¶ 3. On October 22, 1998, the trial court entered a document denominated "ORDER FOR JUDGMENT." As relevant to this appeal, that order did the following:

- granted motions for summary judgment brought by BSTV, Chicago Insurance, Harding, and Kaulfuerst on Kumar's claims against them;

- ordered "that judgment be entered dismissing all [of Kumar's] claims against" BSTV, Chicago Insurance, Harding, and Kaulfuerst "in the above-referenced matter upon the merits and with prejudice";

- ordered Kumar "to pay to the third-party defendants [BSTV, Chicago Insurance, and Kaulfuerst] and the plaintiff [Harding], on [Kumar's] counterclaim, statutory costs and fees pursuant to secs. 814.03 and 814.04, Stats."; and

- granted summary judgment to Kumar on Harding's claims, directed Harding to pay to Kumar "$11,843.84, plus statutory costs and fees pursuant to secs. 814.03 and 814.04, Stats.," and directed that a judgment be entered dismissing Harding's claims against Kumar on "the merits with prejudice."

On December 1, 1998, the trial court entered two documents denominated "JUDGMENT." Each was signed by the Judgment Clerk in Milwaukee County for the clerk under the heading "BY THE COURT:" The first judgment recited and provided:

223

The above captioned action having been brought before this Court, the Honorable Jacqueline D. Schellinger, presiding, on Motions for Summary Judgment, on August 31, 1998, and the Court having issued its Order for Judgment on October 22, 1998.

**NOW, THEREFORE, IT IS HEREBY ADJUDGED AND DECREED,** that the third party defendant [*sic*, should be counterclaim defendant], Darrell Harding, shall have a judgment against the third party plaintiff [*sic* should be counterclaim plaintiff], Parmod Kumar, for statutory costs and disbursements in the amount of $1,298.81.

The second judgment recited and provided:

Pursuant to the court's order for judgment dated October 22, 1998,

JUDGMENT IS HEREBY GRANTED in favor of the third-party defendants, BSTV, Inc. d/b/a Realty Executives, as against the defendant and third-party plaintiff, Parmod Kumar, in the amount of $1,527.95, representing taxable costs pursuant to secs. 814.01 and 814.04, Stats.

A November 5, 1998, judgment was entered directing Harding to pay Kumar $11,843.84 plus costs, and dismissing Harding's claims against Kumar.

¶ 4. On December 4 and 10, 1998, Kumar's lawyer was timely sent notices of entry of the December 1, 1998, judgments. On January 18, 1999, Kumar filed with the circuit court a notice of appeal "from that portion of the final judgment order in case no. 95 SC 008550 entered on October 22, 1998, in Milwaukee County, Judge Jacqueline Schellinger presiding, in which the court dismissed defendant/third party

plaintiff's [Kumar's] complaint." On February 9, 1999, Harding filed a "cross-appeal" from the November 5, 1998, judgment.

¶ 5. Kumar does not contend that his January 18, 1999, notice of appeal gives us jurisdiction: First, the October 22, 1998, order for judgment was not a final, appealable order. *See Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 493, 326 N.W.2d 240, 241 (1982) (whether an order is final turns on whether "the circuit court contemplated the order to be a final order at the time the order was entered"). Second, Kumar's notice of appeal was filed more than forty-five days after the December 1, 1998, judgments were entered. *See* WIS. STAT. § 808.04(1) (timely notice of entry of judgment shortens time within which to appeal to forty-five days). In an order entered by a three-judge panel of this court on April 3, 2000, we determined that not only was Kumar's attempted appeal from the trial court's rulings adverse to him untimely, but that Harding's "cross-appeal" from the November 5, 1998, judgment was also untimely. Neither Kumar nor Harding contests these rulings.

¶ 6. On March 30, 1999, new counsel for Kumar sent to the Milwaukee County judgment clerk a newly drafted judgment that purported to reflect more accurately the trial court's October 22, 1998, order for judgment than did the December 1, 1998, judgments. In a cover letter, Kumar's new lawyer argued that each December 1, 1998, judgment was "deficient in that it fails to dispose of the underlying causes of action by the third-party plaintiff, Parmod Kumar. In addition, no judgment had been entered with respect to third-party defendant Chicago Insurance Co." Lawyers for Harding, BSTV and Chicago Insurance objected to the entry of the new judgment.

225

¶ 7. The trial court held a hearing on the objections lodged by Harding, BSTV, and Chicago Insurance to entry of the new judgment, and, in a written decision and order dated June 16, 1999, permitted its entry. The trial court noted that although Wɪs. Sᴛᴀᴛ. § 806.01(1)(b) provides that "[e]ach judgment shall specify the relief granted," the December 1, 1998, judgments only taxed costs against those parties against whom the trial court ruled in its October 22, 1998, order for judgment, and did not, in the trial court's words, "specify that the claims brought by Dr. Kumar as against the plaintiff [Harding] and the third-party defendants [BSTV, Chicago Insurance, and Kaulfuerst] are dismissed, as contemplated by the October 22, 1998 Order for Judgment."[1] In light of this, the trial court concluded that "Kumar is entitled to enter an additional judgment in this action." The trial court did not specify whether it was acting under Wɪs. Sᴛᴀᴛ. Rᴜʟᴇ 806.07 (relief from judgment or order), some other provision of law, or its inherent power. None of the parties addresses this issue.

¶ 8. On July 28, 1999, the new judgment was entered, as stated in its preamble, "[i]n accordance with the court's order for judgment, dated October 22, 1998, as supplemented by its Memorandum Decision and Order dated June 16, 1999." It recited that the judgment was being "ENTERED as follows: In favor of the counterclaim defendant Darrell Harding and third-party defendants BSTV, Inc. d/b/a Realty Executives, Chicago Insurance Company, and Julius Kaulfuerst,

[1] Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 806.01(1)(b) also requires that each judgment recite "the name and place of residence of each party to the action." Although not mentioned by the trial court, the December 1, 1998, judgments were also deficient in this respect.

and against the third-party plaintiff, Parmod Kumar, dismissing the counterclaim and third-party complaint with prejudice."

¶ 9. Although the trial court's June 16 Memorandum Decision and Order directed in the "order" part that Kumar "*may enter* judgment in this action dismissing his claims against the third-party defendants, BSTV Inc. d/b/a Realty Executives, Chicago Insurance Company and Julius Kaulfuerst, and against the counterclaim defendant, Darrell Harding, with prejudice, pursuant to the October 22, 1998 Order for Judgment" (emphasis added), BSTV, Chicago Insurance, and Harding have appealed from that order. Additionally, Harding, in his capacity as plaintiff, filed, on September 21, 1999, a document denominated "NOTICE OF CROSS APPEAL," which purported to appeal from the *November 5, 1998,* judgment. We pass the intriguing questions of whether the trial court's June 16 Memorandum and Order is a final order, and whether Harding's belated attempt to appeal from the November 5, 1998, judgment is timely, without comment because the answers are not material to our decision. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

¶ 10. The focus of our attention is on whether the December 1, 1998, judgments were "final" as that term is used in Wis. Stat. § 808.03(1). This presents an issue of law that we decide *de novo. See Truttschel v. Martin,* 208 Wis. 2d 361, 364–365, 560 N.W.2d 315, 317 (Ct. App. 1997). Under § 808.03(1), as material here: "A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one of more of the parties." As *Radoff* teaches, this requires an analysis of "not whether a subsequent

document exists but whether the circuit court contemplated the order [or judgment] to be a final order [or judgment] at the time the order [or judgment] was entered." *Radoff*, 109 Wis. 2d at 493, 326 N.W.2d at 241. In making this determination, we must look "at the document itself, not to subsequent events." *Ibid.* (quoted source omitted). If the words are words of finality, then it makes no difference that the judgment could have been better written or better structured. *See Eau Claire County v. Employers Ins. of Wausau*, 146 Wis. 2d 101, 103–112, 430 N.W.2d 579, 579–583 (Ct. App. 1988) (that a consolidated final judgment could have been entered rather than two separate final judgments did not permit trial court to vacate the two judgments and consolidate them into one judgment when that was done "to essentially expand the time for appeal when the time for such appeal had passed") (applying erroneous exercise of discretion standard of review of trial court's action of Wis. Stat. Rule 806.07).

¶ 11. As we have seen, the trial court based its decision on its determination that the December 1, 1998, judgments did not, in its view "specify the relief granted," as required by Wis. Stat. § 806.01(1)(b). But the judgments *did* specify the relief granted: they awarded statutory costs against Kumar in favor of the parties whose claims the trial court's October 22, 1998, order for judgment directed be dismissed, with the exception of Chicago Insurance. On their face, the December 1, 1998, judgments did not envision that a subsequent document would be entered—they stand as stark and plain (albeit truncated) declarations of finality. Indeed, Kumar's new counsel conceded this during the hearing on whether he should be permitted to enter a new judgment: "This is a perfectly final judgment for

costs and if [Kumar's original lawyer] wanted to on behalf of Mr. Kumar wanted to [*sic*] appeal from that judgment for costs, he missed the boat. He's late. I'm saying [the] judgment is final, but it's not complete." Although the December 1, 1998, judgments were "not complete," WIS. STAT. RULE 809.10(4) provides that "[a]n appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." Thus, had Kumar's appeal from the December 1, 1998, judgments been timely, he could have attacked not only the award of costs encompassed by the specific language of those judgments, but also the substance of the trial court's order directing that his claims against BSTV, Chicago Insurance, and Harding be dismissed. This is true even though Chicago Insurance was not mentioned in the December 1, 1998, judgments because its lack of liability was purely derivative of BSTV's status; a determination that BSTV and its employees were not liable to Kumar was, per force, also a determination that Chicago Insurance was not liable to Kumar. *See Trainor v. Aztalan Cycle Club, Inc.*, 147 Wis. 2d 107, 122, 432 N.W.2d 626, 633 (Ct. App. 1988). Stated another way, a successful appeal of the December 1, 1998, judgment in connection with Kumar's claims against BSTV would bring to the Court of Appeals the trial court's October 22, 1998, order and this would affect Kumar's claims against Chicago Insurance.

■■■

¶ 12. "[A] circuit court has no authority to vacate and reenter an order or judgment when its sole basis for doing so is the unadorned desire to allow an appeal." *Edland v. Wisconsin Physicians Serv. Ins. Corp.*, 210

Wis. 2d 638, 647, 563 N.W.2d 519, 522 (1997) (recognizing an exception when trial court's error precludes party from appealing). If Kumar's appeal from the December 1, 1998, judgments had been timely, (and if Harding's cross-appeal had also been timely) all of the trial court's determinations in its October 22, 1998, order for judgment would have been in play on appeal. Unlike a situation where an order directs that a judgment be entered awarding a successful litigant his or her damages or fair compensation, the only dollar amounts that were due any party in connection with Kumar's claims were those set out in the December 1, 1998, judgments. Thus, nothing was left to do in connection with those judgments but their execution; as Kumar's lawyer conceded at the hearing, the judgments were final. *Cf. American Civil Liberties Union of Wisconsin Inc. v. Thompson*, 155 Wis. 2d 442, 447, 455 N.W.2d 268, 270 (Ct. App. 1990) (reserving fee issue does not render judgment nonfinal).[2] Certainly, no one would contend that Kumar's claims against BSTV, Chicago Insurance, and Harding survived the December 1, 1998, judgments, irrespective of how unartful the drafting. That, in our view, is the test—at least under these circumstances.

¶ 13. In sum, we hold that the December 1, 1998, judgments were final, appealable judgments. Accordingly, the trial court's attempt to start the appeal-clock anew *via* its June 16, 1999, decision and order was a nullity, as was the new July 28, 1999, judgment entered thereon. Accordingly, we dismiss as moot the appeal by

---

[2] The holding in *American Civil Liberties Union of Wisconsin Inc. v. Thompson*, 155 Wis. 2d 442, 455 N.W.2d 268 (Ct. App. 1990), was narrowed but not overruled by *Edland v. Wisconsin Physicians Service Insurance Corp.*, 210 Wis. 2d 638, 648, 563 N.W.2d 519, 522–523 (1997).

BSTV, Chicago Insurance, and Harding (in his capacity as counterclaim defendant) from the June 16, 1999 decision and order, Kumar's "cross-appeal" from the July 28, 1999, judgment, and Harding's (in his capacity as plaintiff) new "cross-appeal" from the November 5, 1998, judgment.

*By the Court.*—Appeal and cross-appeals dismissed.