Daniel CONTARDI and Christine Contardi,
Plaintiffs-Appellants-Cross-Respondents,†

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent-Cross-Appellant.

Court of Appeals

*No. 03–2284. Submitted on a motion for reconsideration
December 19, 2003.—Decided April 20, 2004.*

2004 WI App 104

(Also reported in 680 N.W.2d 828.)

† Petition to review denied 9-1-04.

On behalf of the plaintiffs-appellants-cross-respondents, the cause was submitted on the Motion for Reconsideration of *W. Wayne Siesennop* of *Siesennop & Sullivan*, of Milwaukee.

On behalf of the defendant-respondent-cross-appellant, the cause was submitted on the response to the Motion for Reconsideration of *Terry J. Booth*, of *Piper & Schmidt*, of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. PER CURIAM. Daniel and Christine Contardi appeal the circuit court's June 20, 2003 "Decision and Order," which granted American Family Mutual Insurance Company's (American Family's) motion for summary judgment. The appeal was not filed within the time period allowed by law. *See* WIS. STAT. § 808.04(1) (2001–02).[2] American Family argues that the appeal must therefore be dismissed with prejudice. *See* WIS. STAT. RULE 809.10(1)(e). The Contardis do not dispute that this court lacks jurisdiction over the appeal. They contend, however, that the June 20 order granting summary judgment was not a final order under *Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 326 N.W.2d 240

---

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

511

(1982). They argue that this court's dismissal should be without prejudice, and that when a final judgment order is entered, they may re-file an appeal. We conclude that, under the facts of this case, the order granting summary judgment is a final order. We further conclude this appeal was not timely filed and we dismiss the appeal with prejudice.

## FACTS

¶ 2. According to the pleadings, the Contardis experienced water leaks in their home as.a result of ice damming from excessive snowfall on the roof. They filed a claim with their homeowners insurance carrier, American Family. An American Family agent investigated and paid the Contardis $1,166.13 for initial damage from the roof leak. In the process of repairing the water damage, the Contardis discovered mold in the ceiling and throughout the entire house. The Contardis informed American Family of the presence of mold. After several contacts with the Contardis, American Family denied all their subsequent claims to repair the damage.

¶ 3. The Contardis filed a complaint in circuit court. American Family then filed a motion for summary judgment arguing that the policy specifically excludes coverage for mold, and, in the alternative, that the complaint was not timely filed. Although the circuit court concluded that the complaint was timely, the court agreed with American Family regarding the policy exclusion. Based on its interpretation of the policy and applicable case law, the circuit court determined that coverage for mold damage was excluded, regardless of the cause of the mold. The court concluded its June 20, 2003 "Decision and Order" with the following language:

On the basis of the entire record in this case, the Court hereby concludes and orders as follows:

1. That the plaintiffs lawsuit was timely filed;

2. That the American Family policy specifically excluded coverage (1) for mold, and (2) for mold arising from any concurrent or other contributing cause. Consequently, there are no genuine issues of material fact in dispute, and therefore,

3. That the defendant's motion for summary judgment is *granted.*

American Family argues that this order ended the controversy and was the final order in this case. We agree.

## DISCUSSION

¶ 4. Determining whether a judgment or order is final presents an issue of law that we decide *de novo*. *Harding v. Kumar*, 2001 WI App 195, ¶ 10, 247 Wis. 2d 219, 633 N.W.2d 700. We must ask two questions. First, does the order dispose of the entire matter in litigation as to one or more of the parties under substantive law? Second, did the circuit court consider the order to be the last document it would enter in the litigation? *State v. Wright*, 143 Wis. 2d 118, 122–23, 420 N.W.2d 395 (Ct. App 1988); *Radoff*, 109 Wis. 2d at 494. In *Radoff*, the supreme court considered the second question and determined that the order granting summary judgment in that case was not a final order—that the circuit court planned to enter a subsequent judgment. However, it does not follow that all circuit court orders that grant summary judgment are nonfinal. *See, e.g., Smith v. Wisconsin Phys. Serv.*, 152 Wis. 2d 25, 27 n.1, 447

N.W.2d 371 (Ct. App. 1989) (order granting motion for summary judgment was determined final because trial court did not indicate that it contemplated a subsequent document). It is necessary to review the language of the order, not the events that occurred after the entry of the order, to determine whether the circuit court contemplated a subsequent entry. *Radoff*, 109 Wis. 2d at 493 (citing *Fredrick v. City of Janesville*, 92 Wis. 2d 685, 688, 285 N.W.2d 655 (1979)).

¶ 5. In *Radoff*, the supreme court relied on specific language in the order granting the summary judgment to determine that the circuit court in that case intended to enter a subsequent judgment. *Radoff*, 109 Wis. 2d at 493–94. The order stated that the motions "be and hereby are granted." However, the order did not state that the judgment "be and hereby is entered." Instead, the circuit court order stated that the "judgment be entered." The *Radoff* court concluded that the circuit court's use of contrasting tenses in the same order indicated that a judgment would follow. *Id.* In this case, the words of the order do not indicate that another document will be entered—there is no reference to a subsequent judgment.

¶ 6. The Contardis argue that, although the words of the order may not express the circuit court's plan to enter another document, the court's comments during the hearing do. The circuit court's contemporaneous comments may be considered in determining whether the order was intended by the circuit court to be the last document. *Wright*, 143 Wis. 2d at 123–24. In *Wright*, the circuit court made comments directly addressing its plan to enter future documents; it expressly stated at the hearing that it would be issuing a second

written decision at a later date. *Id.* at 124. In contrast, the comments that the Contardis point to in this case are ambiguous at best. In the process of discussing future scheduling if the motion for summary judgment were denied, the court stated, "if the defendant prevails, the dismissal will follow." Nothing in these words indicates that "the dismissal" would entail a separate document. In fact, the court continued by saying: "So in the decision you will know what the next step is *if any.*" (Emphasis added.) We conclude that the circuit court's comments in this case do not clearly indicate that the order granting the summary judgment was not intended to be the last document in this litigation.

¶ 7. The Contardis also contend that the circuit court intended to enter a subsequent document to address the Contardis separate bad faith claim. The bad faith claim was bifurcated from what the Contardis term the "merits case," and if the Contardis had prevailed on the merits, the court certainly would have considered the bad faith portion of their complaint. However, because the court concluded that American Family was not liable on the merits, the argument on bad faith could not continue.[3] The circuit court showed that it was aware of this when, in its scheduling order, the court stated that an additional scheduling order would be issued to address the bad faith claim "*if necessary.*" (Emphasis added.)

---

[3] "To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 691, 271 N.W.2d 368 (1978). In the present case, the circuit court concluded that a reasonable basis existed—that American Family relied on a valid exclusion to deny the Contardis' claim.

¶ 8. In a related vein, the Contardis argue that the order granting summary judgment did not dispose of the entire matter in litigation under substantive law—that it did not resolve all of the Contardis' claims. Specifically, they maintain that the circuit court's order did not mention the Contardis' claims of bad faith or estoppel. The circuit court's order did clearly state that "on the basis of the entire record in this case, . . . [American Family's] motion for summary judgment is granted." Based on the language of American Family's motion, the court dismissed American Family "from all liability for the claims and causes of action alleged by the plaintiffs." For an order to be final, it need not separately discuss each claim raised; it just must dispose of the entire matter in litigation as to one or more of the parties as a matter of substantive law. *See* WIS. STAT. § 808.03(1). It is clear from the circuit court's order that none of the Contardis claims survived, and therefore, the order is final. *See Harding*, 247 Wis. 2d 219, ¶ 12.

¶ 9. We conclude that the circuit court's June 20, 2003 "Decision and Order" is a final order because: 1) it disposes of the entire matter in litigation under substantive law, and 2) the circuit court considered it to be the last document it would enter in the litigation. American Family timely filed and served a notice of entry of the order under WIS. STAT. §§ 806.06(5) and 808.04(1). The Contardis filed a notice of appeal on August 12, 2003. The notice of appeal was not timely. The appeal and cross-appeal are therefore dismissed. WIS. STAT. RULE 809.10(1)(e); *see also* WIS. STAT. RULE 809.82(2)(b).

*By the Court.*—Appeal and cross-appeal dismissed.