STATE of Wisconsin, Plaintiff-Respondent,

v.

Ann M. MALONE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 85–2209–CR. Submitted on briefs January 7, 1987.—*
*Decided March 6, 1987.*

(Also reported in 401 N.W.2d 563.)

For the defendant-appellant-petitioner there was a brief by *Gerald P. Boyle* and *Gerald P. Boyle, S.C.,* Milwaukee.

For the plaintiff-respondent there was a brief by *William L. Gasner,* assistant attorney general and *Bronson C. La Follette,* attorney general.

LOUIS J. CECI, J. This is a review of an unpublished decision of the court of appeals dated April 16, 1986, summarily affirming defendant Ann M. Malone's conviction of operating a motor vehicle with a blood alcohol concentration of .10 per cent or more, in violation of sec. 346.63(1)(b), Stats. Malone's case was heard by a jury in Washington county circuit court, Reserve Judge Clair Voss presiding. This case presents one issue for review, namely, does a court have appellate jurisdiction to review the denial of a defendant's postconviction motion for a new trial when a written order denying the motion has not yet been entered; when the defendant's notice of appeal simply indicates that appeal is being taken from the conviction, rather than from the denial of the motion for a new trial; and when the sole issue on appeal, whether the defendant was denied effective assistance of counsel, was raised for the first time by the postconviction motion? We believe that the appeals court properly determined that it lacked jurisdiction to consider defendant's claim and now hold that an appellate court has no jurisdiction to review the denial of a postconviction motion if there is no final written order denying that motion on file in the office of the clerk of court. *See,* secs. 807.11(2) and 808.03(1), Stats. We therefore affirm the appeals court's summary affirmance of defendant's conviction.

## I.

Petitioner (defendant Malone) was initially charged with operating a motor vehicle with a blood alcohol content of .10 per cent or more[1] and with driving under the influence of an intoxicant or controlled substance.[2] These charges arose as a result of an arrest which occurred on December 12, 1983. The charge under sec. 346.63(1)(b) was based upon a breathalyzer reading of exactly .10 per cent. Malone was convicted by a jury on October 23, 1984, of operating a motor vehicle with a blood alcohol content of .10 per cent or more, but was found not guilty of the latter charge. Malone was represented at trial by an attorney from the state public defender's office.

At trial, Judge Voss had ruled that the proffered testimony could only be introduced by an expert and that the police officer did not qualify as an expert. Trial counsel did not then attempt to introduce the testimony of an expert on this point. Subsequent to

---

[1]Section 346.63(1)(b), Stats., provides as follows: **"346.63 Operating under influence of intoxicant or other drug. (1)** No person may drive or operate a motor vehicle while:

"...
"(b) The person has a blood alcohol concentration of 0.1% or more by weight of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath."

[2]Section 346.63(1)(a), Stats., provides as follows:

"(1) No person may drive or operate a motor vehicle while:
"(a) Under the influence of an intoxicant or a controlled substance or a combination of an intoxicant and a controlled substance, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; ..."

trial, assistant state public defender Louis Butler was appointed to represent Malone on appeal. On August 23, 1985, Butler filed a motion for a new trial, asserting that the trial court erred in refusing to allow the breathalyzer operator, a police officer, to testify regarding a possible margin of error in the breathalyzer machine readings. Butler's motion alleged, in the alternative, that if Judge Voss was correct in ruling that the testimony of an expert was required, then a new trial was warranted on grounds of ineffective assistance of counsel, since trial counsel failed to introduce expert testimony regarding the breathalyzer machine's possible variance.

Appellate counsel's postconviction motion was supported by an affidavit supplied by a professor of science, chemistry, and physics. The professor stated that the breathalyzer machine had a possible variance of plus or minus .005 and that individual breath variations from person to person could be as much as plus or minus .03, for a total possible variance of plus or minus .035. Since Malone's conviction was based on only a breathalyzer reading of .10, counsel argued that there were insufficient facts to prove beyond a reasonable doubt that Malone had an alcohol concentration of .10 or more, because the possible variance ranged from a low of .065 to a high of .135.

On October 1, 1985, the motion for a new trial was heard and was denied orally by Washington county circuit court judge James B. Schwalbach. During the motion hearing, Butler first discovered that trial counsel had in fact requested help from the state public defender's office in attempting to obtain testimony from a breathalyzer expert and that nothing ever came of that request for aid. Butler thereafter determined that due to this newly discovered informa-

tion, there was a possible conflict of interest in the public defender's office and that the assistance of alternate counsel should be obtained. Attorney Gerald Boyle was appointed. Before Butler withdrew as counsel, he asked the court for an extension of time to file a notice of appeal, so that Boyle would have sufficient time to review the transcripts.

In his request for an extension of time, Butler stated that, "As of this date, no written order has been entered by the trial court denying the motion, as this attorney has not prepared an order for the court's signature." The court granted Butler's request for an enlargement of time. For reasons not in the record, neither Butler nor Boyle prepared or filed a written order, and Boyle filed a notice of appeal only from the judgment of conviction and not from the court's denial of the motion claiming ineffective assistance of counsel. Yet, Boyle's brief on appeal focused exclusively on the alleged ineffective assistance of counsel on the part of the public defender's office in failing to supply the expert testimony requested by trial counsel.

On appeal, the court of appeals held that it lacked subject matter jurisdiction to consider Malone's claim of ineffective assistance of counsel and, therefore, affirmed the circuit court's denial of her postconviction motion. The appeals court believed that it had no jurisdiction to review Malone's claim for two reasons: (1) a written order denying the motion for postconviction relief had never been entered, and (2) the notice of appeal had been taken from the judgment of conviction only and not from the court's order denying Malone's postconviction motion. The court stated that this latter point was relevant because "[t]he notice does not vest this court with subject matter jurisdiction over anything other than the

judgment and proceedings leading to it." Therefore, the court held that it had no jurisdiction to review the issue raised on appeal dealing with ineffective assistance of counsel, since it was not litigated until counsel argued the postconviction motion.

On appeal to this court, petitioner maintains that due to the significant constitutional issue raised, as well as her good-faith efforts to take the appeal, this court should ignore "mere technicalit[ies] in procedure" and, in the interest of justice, find that the intermediate court erred in affirming Malone's conviction. Respondent, on the other hand, believes this issue can be disposed of based upon a simple determination that Malone's appeal may not be considered at this time because she failed to comply with the statutorily prescribed steps for securing appellate review. Respondent contends that the statutory sections mandating that an order reflecting the denial of Malone's postconviction motion be "entered," and that any appeal be taken from the final order of the circuit court, are not mere formalities and instead reflect a legislative attempt to ensure that "an ordered system of appellate justice" is maintained. We now address the parties' arguments in more detail.

## II.

We preliminarily note that we are not required to give deference to the decision of the appeals court since this case involves a question of law. Questions of statutory construction are questions of law. *Ball v. District No. 4, Area Board*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

The procedure for securing appellate review is enumerated in sec. 808.03(1), Stats., which states in

part that, "A final judgment or a final order of a circuit court may be appealed as a matter of right. . . ." A final judgment or order is defined by sec. 808.03(1) as a judgment or order which is "entered in accordance with . . . s. 807.11(2). . . ." Section 807.11(2) states that, "An order is entered when it is filed in the office of the clerk of court." An order is initially "rendered" when it is signed by the judge. Section 807.11(1), Stats. In a felony case, a postconviction motion is "determine[d] by an order," sec. 809.30(1)(g), Stats. (1983–84), and an appeal from the order of the trial court must be taken "within 20 days of the entry of the order on the postconviction motion," sec. 809.30(1)(h).

These statutory sections, when considered in conjunction with one another, indicate in unambiguous terms that an appeal may be taken only from a final judgment or, as is the case here, from a final order. In turn, a final order is one which, under sec. 807.11(2), Stats., is entered.[3] A final order is not entered until it is filed with the clerk's office. The fact that a final order must be filed before it can be entered and that an order is not rendered until it is signed by the judge as provided by sec. 807.11(1), of course indicates to us that a final order must be in writing.

We have previously recognized that oral orders, although effective as soon as they are announced, must nevertheless be reduced to writing before an appellate court may have jurisdiction to review them. *State ex rel. Hildebrand v. Kegu*, 59 Wis. 2d 215, 216, 207 N.W.2d 658 (1973). The writing is essential to

---

[3]Section 809.30(1)(h), Stats. (1983–84), additionally refers to the entry of an order.

preserve the evidence of the order. *Id. See also, Dumer v. State,* 64 Wis. 2d 590, 610–11, 219 N.W.2d 592 (1974). We now reaffirm the principles articulated in these previous cases and hold that there is no appellate jurisdiction to review Malone's claim of ineffective assistance of counsel since the order denying her postconviction motion was never reduced to writing and never filed in the clerk's office. And since the notice of appeal was taken only from the conviction, we also agree with the court of appeals' determination that it had no jurisdiction to review Malone's ineffective assistance of counsel claim since it was not raised until postconviction motions were made.

In reaching this holding, we have considered the arguments raised by Malone, but have found them to be without merit. She urges this court to essentially waive the statutory requirements for obtaining appellate review in her case because it would arguably be in the best interests of justice to do so. In support, she cites cases where the court has stated that significant constitutional issues not brought up at trial may nevertheless be considered by the appellate court if both parties have briefed the issue, no factual issues remain unresolved, and the court determines, in its discretion, that the interests of justice would best be served if review is obtained. *See,* e.g., *In Interest of Baby Girl K.,* 113 Wis. 2d 429, 448, 335 N.W.2d 846 (1983); *State v. Yellow Freight Systems, Inc.,* 101 Wis. 2d 142, 158, 303 N.W.2d 834 (1981).[4] The issue that

---

[4]Petitioner advances a similar argument when she relies on *Illinois v. Gates,* 462 U.S. 213 (1983), for the proposition that the rule generally requiring that issues "not pressed or passed upon [in the courts] below" not be given appellate consideration is

Malone wishes to raise on this appeal, whether Malone was denied effective assistance of counsel, is a mixed question of law and fact. *State v. Ludwig*, 124 Wis. 2d 600, 606, 369 N.W.2d 722 (1985). The trial court made no fact findings on the issue, since it was not raised until post-trial motions were argued. The issue was not argued in full until the appeals court briefs were submitted to the intermediate court. Because the constitutional issue is factual in nature, the requirement articulated in *Yellow Freight Systems*—that before an appeals court may consider a constitutional issue not raised at trial, all factual issues must be resolved—has not been satisfied here. 101 Wis. 2d at 158; *Wirth v. Ehly*, 93 Wis. 2d 433, 444, 287 N.W.2d 140 (1980). Therefore, a decision to grant jurisdiction to the court of appeals at this time is not warranted based upon the standard articulated in *Baby Girl K.* and *Yellow Freight Systems*. In any case, even were we to find that the standard was met, the fact remains that the written order rule has nevertheless not been complied with. Neither *Baby Girl K.* nor *Yellow Freight Systems* speaks to the fact situation present here, where not only has the issue on appeal not been raised at trial, but also where a written order denying the postconviction motion has not yet been entered. Furthermore, we do not believe that the rules in *Baby Girl K.* and *Yellow Freight Systems*, dealing with discretionary grants of jurisdiction, were ever intended to operate as a mechanism to bypass compli-

arguably only a "prudential restriction," subject to exception in some cases. *Id.* at 219. Malone argues that due to the significant constitutional issue raised, *Gates* favors finding an exception here.

ance with the prescribed procedures governing the appellate court's subject matter jurisdiction.[5]

Petitioner argues in addition that since the postconviction motion is part of the trial record, reliance on the written order rule is not necessary. Petitioner proposes that this court create an exception to the statutory jurisdiction rules in order to ensure that she is not denied her constitutional right to appellate review. Malone implies that literal compliance with the written order rule here would have this effect. We decline to accept this argument. It is simply inaccurate for petitioner to assert that the jurisdictional procedure has the effect of absolutely precluding appellate review of her claim of ineffective assistance of counsel. To the contrary, as soon as a final written order is entered and filed with the clerk of the circuit court and an appeal is taken from that order, the issue may then properly be considered by the court of appeals.

Malone argues next that the court, pursuant to sec. 807.07(1), Stats., has the discretion to overlook defects or omissions in the appeal papers if the appeal was taken in good faith. We have no doubt that Malone's attempt to appeal was made in good faith. However, a careful reading of sec. 807.07(1), when accompanied by the judicial council committee's note, plainly indicates that sub. (1) "addresses jurisdiction over the parties and not the subject matter jurisdic-

---

[5]We do not believe that the United States Supreme Court in *Gates* intended that the language cited by petitioner be construed so as to allow a court to waive compliance with its subject matter jurisdiction requirements, either.

tion of the appellate court. Lack of subject matter jurisdiction of an appellate court cannot be waived." Judicial Council Committee's Note (1979). Also, *see, Strong v. State*, 36 Wis. 2d 324, 326–27, 152 N.W.2d 890 (1967). The statute, therefore, is not applicable under these facts.

Malone's final argument is that discretionary reversal in the best interests of justice, sec. 752.35, Stats., is warranted since the evidence here is insufficient to find her guilty of the offense charged beyond a reasonable doubt, and a new trial would likely result in acquittal. However, we have uncovered no case where this court or the court of appeals of this state has construed sec. 752.35 to apply to a situation even remotely similar to that present here. We cannot imagine that the legislature ever intended that sec. 752.35 be used as a means to avoid compliance with appellate jurisdiction prerequisites. We will not deviate from adherence to the rule that a court may not waive the statutory requirements for subject matter jurisdiction. *See, Strong,* 36 Wis. 2d at 324. We have no doubt that sec. 752.35 was not intended to provide a mechanism for doing just that.

We reiterate that our holding does not foreclose the consideration of Malone's arguments on an appeal if the jurisdiction of the court is properly invoked. We have regarded this as the underlying factor which supports our holding, apart from our reading of the statutory requirements. If the subject matter jurisdiction requirements contained in secs. 807.11(2) and 808.03(1), Stats., are complied with, then the appeals court would have jurisdiction to review the constitutional issue Malone raises.

261

*By the Court.*—The decision of the court of appeals is affirmed.