IN RE the PATERNITY OF JAIME M. E.:

STATE of Wisconsin and Mary E. E., Petitioners-Respondents,

v.

GENE R., Respondent-Appellant.

Court of Appeals

*No. 95–0787. Submitted on memoranda July 25, 1995.—Decided September 6, 1995.*

(Also reported in 540 N.W.2d 217.)

789

For the respondent-appellant the cause was submitted on the memorandum of *Jerome F. Buting* of *Buting & Williams, S.C.* of Brookfield.

For the petitioner-respondent State of Wisconsin the cause was submitted on the memorandum of *Theodore G. Spyres* of *Milwaukee County Dept. of Child Support Enforcement* of Milwaukee.

For the petitioner-respondent Mary E. E. the cause was submitted on the memorandum of *Ronald C. Shikora* of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

PER CURIAM. Gene R. filed a notice of appeal from a February 2, 1995, default judgment in the underlying paternity action. The judgment provides that custody and primary physical placement are granted temporarily to the mother of the child. The judgment further provides that payment of the

expenses of pregnancy, birth and future child support are "to be determined."

One of the components of finality is whether the order or judgment appealed from disposes of the entire matter in litigation as to one or more of the parties, as a matter of substantive law. *Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 494, 326 N.W.2d 240, 241-42 (1982). The issues expressly held open by the circuit court are statutorily part of a paternity trial under § 767.50(1), STATS. Accordingly, this court issued an order on June 14, 1995, directing the parties to address the issue of whether the judgment on appeal was final and appealable within the meaning of *Radoff*. The parties have filed their respective memoranda.

Gene R., relying on *Shuput v. Lauer*, 109 Wis. 2d 164, 325 N.W.2d 321 (1982), asserts that the judgment is final because, like a judgment of foreclosure and sale, the judgment of paternity terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. In *Shuput*, the court determined that a judgment of foreclosure and sale is final and appealable and must be appealed within the statutory time limits. *Id.* at 172, 325 N.W.2d at 326. The court in *Shuput* further determined that an order confirming a sale by foreclosure was also appealable. *Id.*

The court's conclusion in *Shuput* that each of the trial court dispositions in a foreclosure action was appealable and "distinct" turned on its recognition that "[t]he order confirming the sale determines the interests of the parties to the sale who are not necessarily the same parties as are interested in the proceedings leading to the judgment of foreclosure and sale." *Id.* at 171, 325 N.W.2d at 325-26. Gene R. argues that the

791

matters yet to be determined by the trial court here are analogous to the execution of a judgment and "simply enforce the rights of the parties which have already been adjudicated by the Judgment of Paternity."

Despite the surface similarities between a judgment of foreclosure and a judgment of paternity, we agree with the State's contention that the statutory scheme governing the foreclosure of mortgages and the *Shuput* case are distinguishable from the statutes under consideration here. Section 767.50(1), STATS., contemplates that paternity and the issues of child support, legal custody and related issues, if relevant, be subject to a single, albeit bifurcated, trial. In contrast, the statutory scheme governing the foreclosure of mortgages addressed by the court in *Shuput* established serial proceedings governed by a number of separate but related statutes.[1] Further, the court in *Shuput* recognized that the parties to a foreclosure action and the parties to a sale might not be the same. In contrast, the parties in interest in the trial contemplated by § 767.50(1) would be the same for both the declaration of paternity and the issues of child support and pregnancy expenses.[2]

In support of the argument that the default judgment is final, Gene R. points also to the language of § 767.51(1), STATS., which states that the judgment of paternity is "determinative for all purposes." However, Gene R. overstates the reasonable meaning of this language. "Determinative" in this context is not the same as final for the purposes of *Radoff*.

Gene R. also points to § 767.51(3), STATS., which provides, in part, that a judgment of paternity "may"

---

[1] *See* Ch. 846, STATS., 1979-80.

[2] The State is a party in interest in the paternity action under § 767.075, STATS.

contain provisions addressing support, custody and placement issues. Again, this statutory language is not inconsistent with the bifurcated trial established by § 767.50(1), STATS. Rather, it recognizes that in some circumstances the issue of paternity might be raised when issues of custody or support were no longer relevant.

Finally, Gene R. asserts that a judgment of paternity disposes of the State's interest in this litigation. However, the State points out correctly that its interest in this litigation is not terminated by the trial court's finding of paternity: "[t]he State has a direct financial interest in the reimbursement of birth expenses paid by Title XIX and in past support owed for the period of time that this mother and child received AFDC." In fact, the State's continuing interest in this litigation was assured when the mother in this case filed an application for services with the Milwaukee County Department of Child Support Enforcement.

■ The court concludes that the judgment entered in this case is not final under § 808.03(1), STATS. Issues of child support and the expenses of pregnancy and birth remain to be determined.

*By the Court.*—Appeal dismissed.