STATE of Wisconsin, Plaintiff-Respondent,

v.

Bobby R. WILLIAMS, Defendant-Appellant.†

Court of Appeals

*No. 2004AP1985–CR. Submitted on briefs August 30, 2005.
—Decided September 27, 2005.*

## 2005 WI App 221

(Also reported in 706 N.W.2d 355.)

† Petition to review denied 1-20-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James M. Freimuth*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. WEDEMEYER, P.J.   Bobby R. Williams appeals from a non-final order granting the State's motion for reconsideration of an order granting Williams's motion to withdraw his plea.[1] Williams claims that the trial court should not have granted the State's motion for reconsideration because it was filed five days after the deadline for filing a notice of appeal and, therefore, the State waived its right to challenge the trial court's order granting Williams's motion to withdraw his plea. Because the trial court did not err in granting the State's motion seeking reconsideration, we affirm.

---

[1] We granted the petition to appeal from the non-final order on August 23, 2004.

## BACKGROUND

¶ 2.   On November 11, 2002, Williams was charged with one count of attempted first-degree intentional homicide, contrary to Wis. Stat. §§ 940.01(1)(a) and 939.32 (2001–02).[2] The charge stemmed from an incident which occurred on October 24, 2002, wherein Williams was observed repeatedly stabbing his wife, Lolita Brown, after being told by Brown that she no longer wanted to be with him.

¶ 3.   Williams entered into a plea agreement with the State and, on August 11, 2003, Williams entered a no-contest plea to one count of aggravated battery with the use of a dangerous weapon, contrary to Wis. Stat. §§ 940.19(5) and 939.63. The trial court conducted a plea colloquy with Williams before accepting the plea. On October 30, 2003, he was sentenced to fifteen years in prison, with eight years of initial confinement, followed by seven years of extended supervision.

¶ 4.   On April 1, 2004, Williams filed a postconviction motion seeking to withdraw his plea. He alleged that the plea was involuntary and that the trial court failed to comply with the requirements of Wis. Stat. § 971.08 and *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). The motion requested that the trial court conduct a *Bangert* hearing. On April 6, 2004, without conducting a hearing or requesting a response from the State, the trial court entered an order granting Williams's motion for plea withdrawal. The order also set the case for a status conference on May 28, 2004.

¶ 5.   On May 25, 2004, the State filed a motion seeking reconsideration of the trial court's April 6th

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

order. The State argued that the motion should not have been unilaterally granted without allowing the State to respond. The trial court set up a briefing schedule. The State argued that the trial court violated established procedural law in granting Williams's motion for plea withdrawal, without allowing the State to respond. It cited the statutory procedures and *Bangert*, which govern motions seeking plea withdrawal.

¶ 6. Williams responded to the State's argument, conceding that the trial court erred in granting its motion without response from the State or conducting the necessary evidentiary hearing. Nonetheless, Williams argued that the State waived its right to contest the ruling by failing to appeal during the requisite forty-five-day time period.

¶ 7. On July 11th, the trial court ruled:

[Williams's] arguments are of no consequence because the trial court has inherent authority to vacate its own order pursuant to section 807.03 . . . . The court allowed the defendant to summarily withdraw his plea because the record failed to show compliance with section 971.08, Stats., and *State v. Bangert*, 131 Wis. 2d 246 (1986) during the plea colloquy. *Bangert* provides that the burden shifts to the State to show by clear and convincing evidence that the plea was voluntarily, knowingly, and intelligently entered despite the inadequacy of the record. The court's April 6, 2004 order deprived the State of its opportunity to demonstrate that the defendant's guilty plea was nevertheless valid, and therefore, the court vacates its April 6, 2004 order. **The clerk shall set the defendant's motion to withdraw his no contest plea for an evidentiary hearing.**

(Bolding by trial court.)

751

¶ 8. Williams then filed a petition with this court seeking to appeal from the trial court's non-final order. As noted, we granted the petition.

## DISCUSSION

■

¶ 9. The issue in this case is whether the trial court erred in entertaining and granting the State's motion seeking reconsideration. Williams argues that the State waived its right to challenge the trial court's order granting plea withdrawal because it missed applicable appeal deadlines. The State concedes that no appeal with filed within the forty-five-day time deadline, but contends that it was not obligated to file a notice of appeal because the trial court's April 6th order was not a final order. We agree with the State.

¶ 10. Williams concedes that the trial court erred when it summarily granted his motion seeking plea withdrawal. It is undisputed that the trial court's order violated the two-step procedure required in *Bangert*.[3] Williams contends, nevertheless, that the trial court lacked authority to correct its error because the State waited until five days after the forty-five-day appeal

---

[3] In *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), the supreme court set forth the procedures required to be taken if the trial court failed to follow the plea procedures set forth in WIS. STAT. § 971.08. *Bangert*, 131 Wis. 2d at 274.

First, the defendant may move to withdraw his plea. *Id.* The initial burden is on the defendant to establish his/her burden of showing that the plea was accepted without conformance to the statutes. Second, if the defendant makes this *prima facie* showing, the burden shifts to the state to show by clear and convincing evidence that despite the nonconformance, the plea was knowingly, intelligently, and voluntarily made. *Id.* at 274–75.

time period expired before filing a motion to reconsider. Williams suggests that the State simply "blew" the appeal deadline and its motion to reconsider was an attempt to circumvent that deadline. Williams requests that we reverse the trial court's July 11th order granting the motion for reconsideration and scheduling a *Bangert* hearing. He asks that we reinstate the trial court's April 6th order granting plea withdrawal. We reject Williams's requests.

¶ 11.  The resolution of this appeal rests with whether the April 6th order was a final order. If the plea withdrawal order was final, the State had an obligation to file a notice of appeal within the forty-five-day time period. Failure to do so would result in waiver of its right to challenge the trial court's ruling. If the plea withdrawal order was not a final order, the State was not obligated to file an appeal and its motion to reconsider was timely. *See Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶ 57, 265 Wis. 2d 703, 666 N.W.2d 38 ("A court has the inherent authority to reconsider a *nonfinal* ruling any time prior to the entry of the final order or judgment.") (emphasis added).

¶ 12.  Whether an order is final or non-final is a question of law subject to independent review. *Contardi v. American Family Mut. Ins. Co.*, 2004 WI App 104, ¶ 4, 273 Wis. 2d 509, 680 N.W.2d 828 (per curiam). Williams, citing *State v. Bagnall*, 61 Wis. 2d 297, 302, 212 N.W.2d 122 (1973), contends that 'the April 6th order was final because it terminated the particular

Thus, a trial court errs as a matter of law if it grants a plea withdrawal motion without allowing the state the opportunity to prove the plea was knowingly, intelligently, and voluntarily entered.

753

proceeding regarding the plea hearing. We do not dispute that the supreme court held in *Bagnall* that an order granting a motion seeking plea withdraw constituted a final order. *Id.* If *Bagnall* controlled the instant case, we would agree with Williams that the State was obligated to appeal from the April 6th order.

¶ 13.  However, *Bagnall* was modified by *State v. Rabe*, 96 Wis. 2d 48, 55–60, 291 N.W.2d 809 (1980). In *Rabe*, our supreme court pointed out that *Bagnall* was decided under the old statute, WIS. STAT. § 817.33 (1975). Under that statute, an order was final if it affected a substantial right made in a special proceeding or if the order in effect determined the action and prevented a judgment from which an appeal could be taken. *Rabe*, 96 Wis. 2d at 56.

¶ 14.  *Rabe* instructed that the 1975 rules "were replaced by sec. 808.03(1) . . . . The new provision replaced the long and confusing list of appealable orders under ch. 817 with a simple dichotomy:   Orders which '[dispose] of the entire matter in litigation' are appealable by right; all other orders are appealable only by permission." *Id.* (footnote omitted). Like *Rabe*, the instant case is governed by the new statute, not the 1975–*Bagnall* statute.

¶ 15.  WISCONSIN STAT. § 808.03 sets forth appeals as of right and appeals by permission. Subsection (1) explains that an order is final when it "disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding, and that is" entered or recorded. Based on this definition, we conclude that the April 6th order was not a *final* order. An order *granting* a plea withdrawal is not final because it plainly anticipates further proceedings in the criminal caseeither a trial or a guilty or no-contest plea. The April 6th order did not dispose of the

entire matter in litigation. The order itself noticed a status conference for May 28th. Clearly, such order cannot be construed as a final order.

¶ 16.  We are further not persuaded by Williams's argument that the order should be considered final because it ended the plea hearing proceedings. As the State pointed out, the granting of a plea withdrawal contemplates either a trial on the matter or renewed plea proceedings. Based on the language of WIS. STAT. § 808.03(1), we conclude that the trial court's April 6th order was not final. Thus, the trial court retains jurisdiction unless the State files a petition seeking to appeal from a non-final order, and this court grants such petition.

¶ 17.  Accordingly, the State was not obligated to file an appeal within the forty-five-day time period and its failure to do so cannot constitute waiver. Because the trial court has the inherent authority to reconsider any of its non-final rulings prior to entry of the final order or judgment in the case, *see Teff*, 265 Wis. 2d 703, ¶ 57, the trial court did not err in entertaining the State's motion for reconsideration. The trial court acted correctly in granting the motion and scheduling the case for a *Bangert* hearing on Williams's motion for plea withdrawal. Thus, we remand this case so that an evidentiary hearing on the plea withdrawal motion can occur.

*By the Court.*—Order affirmed and cause remanded for further proceedings.