PER CURIAM.
*299 *47 ¶1 These consolidated appeals require us to address our appellate jurisdiction in the context of postconviction criminal proceedings and a defendant's first appeal as of right under WIS. STAT. § 974.02 (2017-18)[1] and WIS. STAT. RULE 809.30. We hold that under established principles of finality, when a circuit court denies a RULE 809.30 postconviction motion in part and grants the motion in part such that further proceedings are required, an appeal cannot be taken until those further proceedings are completed. Because the judgments of conviction and the circuit court orders from which these appeals are taken do not dispose of the entire matter in litigation between the parties, we lack jurisdiction. These appeals are dismissed.
¶2 A criminal defendant's first appeal as of right proceeds under WIS. STAT. RULE 809.30. WIS. STAT. § 974.02(1) ; State v. Evans , 2004 WI 84, ¶¶27-28, 273 Wis. 2d 192, 682 N.W.2d 784, abrogated on other grounds by State ex rel. Coleman v. McCaughtry , 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900. Sean R. Wolfe and Donald Ray Ward are in the same posture. Each *48 filed a WIS. STAT. RULE 809.30 postconviction motion seeking plea withdrawal and resentencing. In both cases, the circuit court declined to permit plea withdrawal but granted the request for resentencing. Each filed a notice of appeal from the judgment of conviction and from the order denying plea withdrawal.[2] Resentencing has not yet occurred.
¶3 An appeal may be taken as a matter of right only from a judgment that disposes of the entire matter in litigation as to one or more parties. WIS. STAT. § 808.03(1). Arguably, the entire matter in litigation between the parties has not been disposed of because the circuit court ordered resentencing, and Ward and Wolfe have not been resentenced. At issue in these cases is whether an appeal as a matter of right *300 can be taken from the denial of part of a postconviction motion. We required that the parties file memoranda addressing whether a final order or judgment has been entered such that we would have jurisdiction over the appeal. *49 ¶4 In its memoranda, the State argues that we lack jurisdiction because the appeals have not been brought from a final order or judgment.[3] The State argues that the circuit court orders plainly anticipate further proceedings (resentencing). Applying the principles of finality and the policy of avoiding multiple or piecemeal appeals, the State argues that these appeals should be dismissed.
¶5 In their memoranda, Wolfe and Ward assert that because the postconviction motion has been decided in its entirety, appellate review may be appropriate now. To the extent Wolfe and Ward concede that further proceedings are anticipated which may render the judgments of conviction and orders nonfinal, they suggest that judicial economy may be served by appealing the plea withdrawal issue before resentencing because an appeal, if successful, would obviate the need for resentencing. Additionally, Wolfe contends that he was compelled by WIS. STAT. RULE 809.30(2)(j)[4] to file a notice of appeal within twenty days of entry of the order denying his postconviction plea withdrawal and suppression motion.[5]
*50 ¶6 We have jurisdiction to review final orders and judgments. WIS. STAT. § 808.03(1). The principles of finality apply in criminal cases.[6] See State v. Malone , 136 Wis. 2d 250, 256-57, 401 N.W.2d 563 (1987) (the finality requirement of § 808.03(1) applies to the denial of a postconviction motion made under WIS. STAT. RULE 809.30 ); State v. Rabe , 96 Wis. 2d 48, 57, 291 N.W.2d 809 (1980) (the finality of orders in criminal cases is not tested by any less rigorous standard than that set forth in § 808.03(1) ); State v. Williams , 2005 WI App 221, ¶15, 287 Wis. 2d 748, 706 N.W.2d 355 (order granting plea withdrawal anticipated further proceedings and was not final). In addressing the intersection of § 808.03(1) and RULE 809.30, the Malone court stated, "These statutory sections, when considered in conjunction with one *301 another, indicate in unambiguous terms that an appeal may be taken only from a final judgment or ... from a final order." Malone , 136 Wis. 2d at 257, 401 N.W.2d 563. Thus, the requirement for finality in *51 § 808.03(1) is not supplanted by the procedure in RULE 809.30(2)(j) directing that an appeal be taken within twenty days of entry of an order deciding a postconviction motion. See RULE 809.30.[7]
¶7 Finality is not determined in terms of the issues decided. See State v. Gene R. , 196 Wis. 2d 789, 792-93, 540 N.W.2d 217 (Ct. App. 1995) (bifurcated proceedings do not render finality to the first determined issues); K.W. v. Banas , 191 Wis. 2d 354, 357, 529 N.W.2d 253 (Ct. App. 1995) (procedures for resolving coverage issues first do not expand the statutory definition of finality to include a circuit court determination that coverage exists under a particular policy). The controlling principle is whether the entire matter in litigation is disposed of as to one or more of the parties. WIS. STAT . § 808.03(1).
¶8 In the cases before us, the same parties will continue to litigate in the circuit court at resentencing. See Gene R. , 196 Wis. 2d at 792, 540 N.W.2d 217 (consideration given to whether the same or different parties will continue to litigate). The Williams court addressed whether the circuit court's order granting plea withdrawal order was final for purposes of appeal. Williams , 287 Wis. 2d 748, ¶¶9, 11, 706 N.W.2d 355. The Williams court applied the finality requirement of WIS. STAT. § 808.03(1) and held that the plea withdrawal order was not a final order "because it plainly anticipates further proceedings in the criminal case" and did not dispose of the entire matter in litigation. Williams , 287 Wis. 2d 748, ¶15, 706 N.W.2d 355.
*52 ¶9 Applying the principles of finality discussed above, we hold that because Wolfe and Ward will be resentenced as a result of the circuit court's rulings on their postconviction motions, the entire matter in litigation has not concluded, and the appeals have not been taken from final orders or judgments. Any other outcome would result in piecemeal appeals, which are disfavored. Judicial economy is not often served by piecemeal appeals. K.W. , 191 Wis. 2d at 357, 529 N.W.2d 253 ; Univest Corp. v. General Split Corp. , 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989) ; Campbell v. Campbell , 2003 WI App 8, ¶10, 259 Wis. 2d 676, 659 N.W.2d 106 (2002).
¶10 Viewing the proceedings in the circuit court through the filter of finality, we conclude that we lack jurisdiction in these appeals because the judgments of conviction and orders from which these appeals are taken are not final. Regardless of how the circuit court disposed of the WIS. STAT. RULE 809.30 motion, proceedings in the circuit court will continue. These appeals are dismissed for lack of jurisdiction.
¶11 Upon entry of a judgment of conviction after resentencing, Wolfe and Ward will have the opportunity to file a WIS. STAT. RULE 809.30(2) notice of intent to pursue postconviction relief. Each defendant's right to challenge the judgments of conviction and the nonfinal orders disposing of the prior postconviction motion is preserved. See WIS. STAT. RULE 809.10(4) (appeal from final order or judgment "brings before the court all prior nonfinal judgments, orders and rulings").
By the Court. -Appeals dismissed.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

On October 12, 2018, the Washington County Circuit Court entered an order granting that part of Sean Wolfe's postconviction motion seeking resentencing. The court ordered the preparation of an updated presentence investigation report and that Wolfe be resentenced by another judge. On November 6, 2018, the circuit court entered an order denying that part of Wolfe's postconviction motion seeking plea withdrawal and suppression of evidence. On November 21, 2018, Wolfe filed a notice of appeal from the judgment of conviction and the November 6, 2018 order.
On December 14, 2018, Donald Ward filed a notice of appeal from the judgment of conviction and the October 16, 2018 circuit court order of the Racine County Circuit Court denying that part of his postconviction motion seeking plea withdrawal and granting that part of the postconviction motion seeking resentencing. The court ordered that Ward be resentenced by another judge.

In Ward's case, the Racine County district attorney also filed a response to our request for memoranda addressing our jurisdiction. Ward was convicted of felonies. Therefore, the attorney general represents the State in this matter. Wis. Stat. §§ 165.25(1), 978.05(5). We rely upon the attorney general's response.

Wisconsin Stat. Rule 809.30(2)(j) provides that a person shall file "a notice of appeal from the judgment of conviction and sentence ... and, if necessary, from the order of the circuit court on the motion for postconviction ... relief within 20 days of the entry of the order on the postconviction ... motion."

Citing a July 11, 2018 order of this court granting an extension of time for the circuit court to rule on his Wis. Stat. Rule 809.30 postconviction motion and clarifying the circuit court's piecemeal rulings on his postconviction claims, Wolfe argues that he employed the proper procedure by filing a notice of appeal from the November 6, 2018 order and the judgment of conviction. We disagree. The July 11 order contemplated entry of "a final proposed order ... at the conclusion of postconviction proceedings ... encompass[ing] all of his postconviction claims." The extension order made no declaration that the circuit court's postconviction motion order would be final and appealable. We determine our jurisdiction after an appeal is commenced.

In circumstances not applicable here, there are instances in which an order or judgment is final and appealable even if further proceedings between the parties are anticipated. Sanders v. Estate of Sanders , 2008 WI 63, ¶¶26-27, 310 Wis. 2d 175, 750 N.W.2d 806 (finality in probate matters); see McConley v. T.C. Visions, Inc. , 2016 WI App 74, 371 Wis. 2d 658, 885 N.W.2d 816 (general discussion of finality).

For this reason, we reject Wolfe's argument that Wis. Stat. Rule 809.30(2)(j) compelled him to file a notice of appeal within twenty days of entry of the order denying certain aspects of his postconviction motion.